■ PAUL E. MALECKI et al., Appellants-Respondents, v WAL-MART STORES, INC., et al., Respondents-Appellants and Third-Party, Plaintiffs-Appellants. NIAGARA FALLS ERECTING, INC., Third-Party Defendant-Respondent. [635 NYS2d 888] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted the cross motion of defendants and third-party plaintiffs insofar as it sought summary judgment dismissing the Labor Law § 240 (1) claim. Paul E. Malecki (plaintiff), an ironworker employed by third-party defendant Niagara Falls Erecting, Inc. (Niagara Erecting), was injured when a 2,000-pound bundle of steel slid off a forklift and fell about three feet onto plaintiff's foot. Labor Law § 240 (1) envisions "extraordinary elevation risks" and not "the usual and ordinary dangers of a construction site" *(Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843; *see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487). Where, as here, a worker is struck by an object positioned at the same level as his worksite, the statute does not apply *(see, Klein v County of Monroe,* 219 AD2d 846; *Genco v City of New York,* 211 AD2d 615, *lv*

*denied* 85 NY2d 806; *see also, Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657).

The court erred, however, in denying the cross motion of defendants and third-party plaintiffs insofar as it sought summary judgment dismissing the Labor Law § 200 (1) claim and common-law negligence cause of action. There is no proof that they supervised, directed or controlled the unloading and transporting of bundles of steel from trucks by plaintiff or other Niagara Erecting employees *(see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). We reject the contention of plaintiff that the injury occurred because defendant and third-party plaintiff The Pike Company, Inc. (Pike), the general contractor, negligently failed to maintain a level work surface for safe forklift use. "[A]n owner or general contractor has no duty to protect workers against a condition that may be readily observed" *(McGrath v Lake Tree Vil. Assocs.,* 216 AD2d 877, 878).

The court also erred in denying the cross motion of defendants and third-party plaintiffs insofar as it sought conditional summary judgment on Pike's common-law indemnification claim against Niagara Erecting with respect to Labor Law § 241 (6). In the absence of any proof that Pike was negligent, Pike is entitled to common-law indemnification from Niagara Erecting, the subcontractor who " 'controlled and directed the performance of plaintiff's work' ", regardless of whether Niagara Erecting was itself negligent *(Stimson v Lapp Insulator Co.,* 186 AD2d 1052, 1053; *see, Gillmore v Duke/ Fluor Daniel,* 221 AD2d 938; *Baskewicz v Rochester Gas & Elec. Corp.,* 217 AD2d 922).

The court properly denied the cross motion of defendants and third-party plaintiffs insofar as it sought conditional summary judgment on Pike's contractual indemnification claim against Niagara Erecting with respect to Labor Law § 241 (6). The indemnification clause in the subcontract provides that Niagara Erecting must indemnify Pike only for claims "caused in whole or in part by any negligent act or omission of [Niagara Erecting or] anyone directly or indirectly employed by [it] or anyone for whose acts [it] may be liable." An issue of fact exists whether negligence of Niagara Erecting or anyone for whom it may be liable caused plaintiff's injury *(see, Gillmore v Duke/ Fluor Daniel, supra; Baskewicz v Rochester Gas & Elec. Corp., supra).* Contrary to the contention of Niagara Erecting, the entire indemnification clause is not invalid pursuant to General Obligations Law § 5-322.1 merely because it purports

in part to indemnify Pike for its own negligence *(see, Tedesco v Niagara Mohawk Power Corp.,* 142 AD2d 932).

We modify the order on appeal, therefore, by granting the cross motion of defendants and third-party plaintiffs insofar as it sought dismissal of the common-law negligence cause of action and Labor Law § 200 (1) claim and sought conditional summary judgment on Pike's common-law indemnification claim against Niagara Erecting with respect to Labor Law § 241 (6). (Appeals from Order of Supreme Court, Erie County, Joslin, J.—Labor Law.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.