■■ GEORGE D. ENDERLIN et al., Respondents, v HEBERT INDUSTRIAL INSULATION, INC., et al., Appellants. [638 NYS2d 262] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Defendant Rochester Gas & Electric (RG&E), the owner of the Ginna Nuclear Power Plant, contracted with defendant Hebert Industrial Insulation, Inc. (Hebert), the general contractor, to remove asbestos insulation around pipes at the power plant and to install new insulation. Hebert contracted with Salhen Enterprises, Inc. (Salhen), the subcontractor, to build enclosures around the pipes from which the asbestos insulation was to be removed. While standing on a stepladder using a power screw gun, George D. Enderlin (plaintiff), an employee of Salhen, lost his balance when the gun slipped. Although he did not fall from the ladder, plaintiff twisted his back when he grabbed a pipe or metal stud to steady himself. Plaintiff and his wife brought this action, alleging violations of Labor Law §§ 200 and 241. Supreme Court denied defendants' motion for summary judgment dismissing the complaint. We reverse.

With respect to Labor Law § 200, plaintiff failed to make the requisite showing that either RG&E or Hebert supervised or controlled the manner and method of the construction of the enclosures on which plaintiff was working (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Adams v Glass Fab, 212 AD2d 972, 973; Hunter v BTC Block 17/18, 210 AD2d 968). Plaintiff testified at his examination before trial that neither RG&E nor Hebert had ever given him directions how to carry out his work. The general supervisory authority of He-

bert contained in the contract between RG&E and Hebert is insufficient to establish liability under Labor Law § 200 *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505-506; *Tambasco v Norton Co.,* 207 AD2d 618, 621, *lv dismissed* 85 NY2d 857; *Hayes v Crane Hogan Structural Sys.,* 191 AD2d 978; *Dewitt v Pizzagalli Constr. Co.,* 183 AD2d 991, 993), nor does Hebert's authority to enforce general safety standards and to determine the location of the enclosures establish actual control or supervision *(see, Comes v New York State Elec. & Gas Co., supra,* at 877; *Mamo v Rochester Gas & Elec. Corp.,* 209 AD2d 948, 949, *lv dismissed* 85 NY2d 924; *see also, Clayson v Oldfield,* 181 AD2d 993). The fact that RG&E inspectors visited the job site to observe whether the work was being performed in compliance with safety standards is also insufficient to establish liability under Labor Law § 200 *(see, Comes v New York State Elec. & Gas Corp., supra,* at 877; *Mamo v Rochester Gas & Elec. Corp., supra,* at 949; *Paterson v Hennessy,* 206 AD2d 919).

Plaintiff's allegation that defendants violated 12 NYCRR 23-1.21 (e) is specific enough to support a Labor Law § 241 (6) cause of action *(see, Adams v Glass Fab, supra,* at 973; *Durfee v Eastman Kodak Co.,* 212 AD2d 971, 972, *lv dismissed* 85 NY2d 968). That regulation requires that, "[w]hen work is being performed from a step of a stepladder 10 feet or more above the footing, such stepladder shall be steadied by a person stationed at the foot of the stepladder or such stepladder shall be secured against sway by mechanical means" (12 NYCRR 23-1.21 [e] [3]). Nevertheless, plaintiff failed to show that "a violation of [that regulation] * * * was the proximate cause of the accident" *(Ares v State of New York,* 80 NY2d 959, 960; *see, McCullum v Barrington Co.,* 192 AD2d 489). The purpose of 12 NYCRR 23-1.21 is to protect workers from hazards arising from the movement or swaying of unsecured stepladders. There is no evidence that the stepladder moved before or after the screw gun slipped. The argument that, if the stepladder had been secured, plaintiff could have grabbed it instead of the pipe or metal stud, is speculative. Because plaintiff failed to show that the movement of the stepladder was a cause of his injuries, the court should have granted summary judgment dismissing the Labor Law § 241 (6) cause of action. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Labor Law.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.