■ ROBERT DEPILLO, Plaintiff, v GREATER AUBURN LAND COMPANY, INC., et al., Defendants. GREATER AUBURN LAND COMPANY, INC., Third-Party Plaintiff-Respondent, v A.A.A.C., INC., Third-Party Defendant-Respondent-Appellant, and L. M. SESSLER EXCAVATING AND WRECKING, INC., Third-Party Defendant-Appellant. [653 NYS2d 776] —Order unanimously modified on the law and as modified affirmed with costs to third-party defendant L. M. Sessler Excavating and Wrecking, Inc., in accordance with the following Memorandum: Supreme Court erred in denying the cross motion of third-party defendant L. M. Sessler Excavating and Wrecking, Inc. (Sessler), for summary judgment on its cross claim for common-law indemnification against third-party defendant A.A.A.C., Inc. (A.A.A.C.). The record establishes that the agent of defendant third-party plaintiff, Greater Auburn Land Company, Inc. (Greater Auburn), entered into a subcontract with third-party defendants to remove asbestos from the former Columbia Rope factory buildings and to demolish those buildings. Plaintiff, an employee of A.A.A.C., was injured when he fell from a stepladder while removing asbestos from one of the buildings. Plaintiff commenced this action asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6) against Greater Auburn, the owner of the property, and Sessler. Greater Auburn commenced a third-party action against Sessler and A.A.A.C. for contractual and common-law indemnification. Sessler cross-claimed against A.A.A.C. for common-law indemnification.

In support of its cross motion, Sessler asserted that plaintiff's work was solely directed and controlled by A.A.A.C. That assertion is supported by the unrefuted testimony of plaintiff that he was hired and took orders at the work site only from A.A.A.C. employees and that A.A.A.C. furnished all of his

equipment and supplies, including the ladder from which he fell. Plaintiff additionally testified that only employees of A.A.A.C. were performing asbestos removal in the buildings and that no Sessler employees were working in the buildings.

Because the record is devoid of evidence that Sessler directed, controlled or supervised the manner in which plaintiff performed his work, it was entitled to summary judgment on its cross claim for common-law indemnification (*see, Stimson v Lapp Insulator Co.,* 186 AD2d 1052, 1053; *Damon v Starkweather,* 185 AD2d 633; *see also, Enderlin v Hebert Indus. Insulation,* 224 AD2d 1020; *Malecki v Wal-Mart Stores,* 222 AD2d 1010). The fact that Sessler may have had general supervisory authority over the work, including the authority to enforce general safety standards, is insufficient to establish that it directed or controlled plaintiff's work (*see, Enderlin v Hebert Indus. Insulation, supra; Malecki v Wal-Mart Stores, supra; Hayes v Crane Hogan Structural Sys.,* 191 AD2d 978).

We have reviewed the remaining contentions of the parties and conclude that they are without merit. (Appeals from Order of Supreme Court, Ontario County, Cornelius, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.