■ DARYL C. NEWELL et al., Plaintiffs, v ALMETER-BARRY CONSTRUCTION MANAGEMENT, INC., et al., Defendants. ALMETER-BARRY CONSTRUCTION MANAGEMENT, INC., Third-Party Plaintiff-Appellant, v GYPSUM SYSTEMS, INC., Third-Party Defendant-Respondent. [667 NYS2d 551] —Order insofar as appealed from unanimously reversed on the law with costs to third-party plaintiff and cross motion granted. Memorandum: Supreme Court erred in denying the cross motion of third-party plaintiff, Almeter-Barry Construction Management, Inc. (Almeter-Barry), for summary judgment in its action against third-party defendant, Gypsum Systems, Inc. (Gypsum), for contractual and common-law indemnification. Almeter-Barry met its initial burden on the cross motion by submitting evidence that it did not direct, control or supervise the manner or method of work performed by Gypsum employees; that Gypsum directed and supervised the work of its employees (*see, Riley v Stickl Constr. Co.*, 242 AD2d 936; *Norton v Bell & Sons*, 237 AD2d 928; *Sikorski v Springbrook Fire Dist.*, 225 AD2d 1041); and that its liability to plaintiffs, if any, exists by reason of its status as a construction manager and not by reason of active misconduct on its part (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179; *Conley v Salt City Energy Venture*, 234 AD2d 909, 910; *Delaney v Spiegel Assocs.*, 225 AD2d 1102, 1103-1104). Daryl C. Newell (plaintiff), an employee of Gypsum, was injured while taping drywall; a stilt attached to plaintiff's leg became entangled in an electrical cord, and plaintiff fell. Even assuming, arguendo, that a factual issue exists whether the electrical cord belonged to Gypsum or to another contractor, Gypsum failed to establish that Almeter-Barry was negligent in failing to direct the placement of electrical cords. There is no evidence that Almeter-Barry directed or supervised the work of any other contractor, and the general authority of Almeter-Barry to coordinate the work of the various contractors, inspect the work and enforce safety standards is not a sufficient basis for the imposition of liability (*see, DePillo v Greater Auburn Land Co.*, 236 AD2d 863; *Malecki v Wal-Mart Stores*, 222 AD2d 1010; *Flick v Eastman Kodak Co.*, 222 AD2d 1033). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.