█ VANCHO BOSHNAKOV et al., Plaintiffs, v HIGGINS-KIEFFER, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Third-Party Plaintiffs, et al., Defendants. COLOR TECHNICS PAINTING CORP., Third-Party Defendant-Appellant. [680 NYS2d 337] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted that part of the motion of defendants and third-party plaintiffs Higgins-Kieffer, Inc. (Higgins) and Eden Central School District, also known as Central School District No. 1 (defendants), seeking summary judgment on common-law indemnification from third-party defendant, Color Technics Painting Corp. (Color Technics). Vancho Boshnakov (plaintiff) was injured during the course of his employment with Color Technics when he fell from a mechanical manlift while painting in a school auditorium. Although defendants had project superintendents on the worksite who had general supervisory powers, including the authority to report safety violations, there is no proof that defendants actually supervised, directed or controlled plaintiff's work as a painter (*see, Newell v Almeter-Barry Constr. Mgt.,* 245 AD2d 1081; *DePillo v Greater Auburn Land Co.,* 236 AD2d 863; *see also, Enderlin v Hebert Indus. Insulation,* 224 AD2d 1020; *cf., Rizzuto v Wenger Contr. Co.,* 91 NY2d 343).

The court also properly granted that part of defendants' motion seeking summary judgment on the third-party claim of Higgins for contractual indemnification from Color Technics (*see, Delaney v Spiegel Assocs.,* 225 AD2d 1102, 1103-1104). Because the court had granted plaintiffs' motion for partial summary judgment against Color Technics on liability under

Labor Law § 240 (1), there was no need for the court to condition summary judgment to Higgins on a finding of liability (*cf.,* *Martinez v Fiore,* 90 AD2d 483). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.