■ PHILLIP L. SIAGO et al., Respondents, v GARBADE CONSTRUCTION COMPANY et al., Appellants and Third-Party Plaintiffs-Respondents-Appellants. BILL GARGANO, INC., Third-Party Defendant-Appellant. [701 NYS2d 538] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Phillip L. Siago (plaintiff) commenced this action to recover damages for injuries sustained in an accident while working as a carpenter on a platform atop a scaffold. The owner, defendant St. Bonaventure University (SBU), and the general contractor, defendant Garbade Construction Company (Garbade), commenced a third-party action against plaintiff's employer, Bill Gargano, Inc. (Gargano).

Supreme Court properly granted that part of plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim. The accident was caused by a defective wooden plank that caused plaintiff to lose his balance and fall approximately 18 inches to the top of the scaffold, thereby twisting his knee. "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Here, the defective platform caused plaintiff to fall from an elevated height. "Although the height differential here was [no more than] 18 inches, the determination whether Labor Law § 240 (1) applies does not depend upon the distance that a worker falls" (*Norton v Bell & Sons*, 237 AD2d 928, 929). The accident was unwitnessed but there are no bona fide issues of fact with respect to how it occurred (*see, Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980, 981). We reject the contention that the statute does not apply because plaintiff did not sustain an injury in a fall. Plaintiff twisted his knee as a result of the force of the fall from the elevated platform (*see, Ray v Niagara Mohawk Power Corp.*, 256 AD2d 1070). Because the court properly granted that part of plaintiffs' motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim, it is not necessary to address the issues raised by SBU, Garbade and Gargano with respect to the Labor Law §§ 200 and 241 (6) claims.

The court also properly granted that part of the cross motion of SBU and Garbade seeking summary judgment for common-law and contractual indemnification against Gargano. The liability of SBU is vicarious, arising solely from its status as owner. The general authority of Garbade to coordinate subcontractors' work and to monitor work progress and safety conditions does not constitute supervision and control of the method and manner of plaintiff's work (*see, Boshnakov v Higgins-Kieffer, Inc.*, 255 AD2d 983; *Newell v Almeter-Barry Constr. Mgt.*, 245 AD2d 1081; *DePillo v Greater Auburn Land Co.*, 236 AD2d 863).

In granting that part of the cross motion of SBU and Garbade seeking summary judgment for common-law and contractual indemnification against Gargano, the court reserved decision on that part of the cross motion relating to attorneys' fees. That was error. SBU and Garbade are entitled to attorneys' fees pursuant to the common-law right of indemnification (*see, Chapel v Mitchell*, 84 NY2d 345, 347) and Gargano's subcontract. We therefore modify the order by vacating the fourth ordering paragraph and by providing that Garbade and SBU are entitled to attorneys' fees. (Appeals from Order of Supreme Court, Cattaraugus County, Nenno, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Scudder and Callahan, JJ. (Filed May 12, 1999.)