■ JOSEPH A. DIVINCENZO et al., Respondents, v TRIPART DEVELOPMENT, INC., Defendant, and SILTONE BUILDING COMPANY, INC., et al., Appellants-Respondents. SILTONE BUILDING COMPANY, INC., Third-Party Plaintiff-Respondent, v DANIEL REIMHERR, Individually and Doing Business as DOCTOR CARPENTRY, Third-Party Defendant-Appellant. DANIEL REIMHERR, Appellant-Respondent, v SILTONE BUILDING COMPANY, INC., Respondent-Appellant, et al., Defendant. [709 NYS2d 271] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of plaintiffs' motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1) against defendants, Tripart Development, Inc. (Tripart), Siltone Building Company, Inc. (Siltone) and Daniel Reimherr, individually and doing business as Doctor Carpentry.

On September 28, 1995, Reimherr and Joseph A. DiVincenzo (plaintiff) were injured when scaffolding constructed by them collapsed. Siltone was the general contractor, and Tripart was the owner of the property. Siltone hired Reimherr to install the drywall for the project, and Reimherr hired plaintiff, either as an employee or independent contractor. Plaintiff was directed by Reimherr to assist in the construction of a makeshift scaffolding above the ceiling. No scaffolding or safety devices were provided. After the scaffolding was constructed and Reimherr finished hanging drywall at his end of the scaffold, he walked to the end where plaintiff was working. The scaffold collapsed, causing both plaintiff and Reimherr to fall through the ceiling to the floor below. It was subsequently discovered that plaintiff had used only one nail at each juncture in constructing the scaffold rather than the two nails that Reimherr had used.

We reject the contention of Siltone and Reimherr that an issue of fact exists whether plaintiff's actions were the sole

proximate cause of the accident. Because there is no dispute that there were no safety devices provided, this is not a case where "a reasonable jury could * * * conclude[ ] that plaintiff's actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law § 240 (1) [will] not attach" (*Weininger v Hagedorn & Co.,* 91 NY2d 958, 960, *rearg denied* 92 NY2d 875; *see, Felker v Corning Inc.,* 90 NY2d 219, 224). Plaintiff therefore is entitled to partial summary judgment. Even assuming that plaintiff was an independent contractor, as Reimherr contends, we conclude that he nevertheless is entitled to recover under Labor Law § 240 (1) (*see, Haimes v New York Tel. Co.,* 46 NY2d 132, 137; *Linzy v Christa Constr.,* 238 AD2d 936, 937). Labor Law § 240 (1) does not, however, permit Reimherr to obtain indemnification from plaintiff (*see generally, Chapel v Mitchell,* 84 NY2d 345, 347; *Nappo v Menorah Campus,* 216 AD2d 876, 877) because Reimherr, a subcontractor, directed and controlled plaintiff's work, and thus the court properly denied that part of Reimherr's cross motion seeking common-law indemnification from plaintiff.

Reimherr further contends that, if plaintiff was his employee rather than an independent contractor, plaintiff is barred from commencing an action against his employer pursuant to Workers' Compensation Law § 11. We disagree. Because Reimherr did not provide workers' compensation coverage, plaintiff had the option to commence a personal injury action against his employer or file a workers' compensation claim (*see,* Workers' Compensation Law § 11). Because this personal injury action was commenced before plaintiff applied to the Workers' Compensation Board for benefits and he has not received any workers' compensation benefits, he is not precluded from commencing this action against Reimherr (*cf., Cunningham v State of New York,* 60 NY2d 248, 251-252).

The court properly granted the cross motion of Siltone seeking partial summary judgment on common-law indemnification against Reimherr and denied that part of the cross motion of Reimherr seeking to dismiss the third-party action. Reimherr directed and controlled the work that plaintiff was performing at the time of the accident. The mere retention by Siltone of its general supervisory authority over the worksite (*see, Keck v Board of Trustees,* 229 AD2d 1016, 1017) and the retention of its authority to inspect the worksite periodically and enforce general safety standards (*see, DePillo v Greater Auburn Land Co.,* 236 AD2d 863, 864) does not preclude Siltone from obtaining common-law indemnification from Reimherr. (Appeals from

Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.