■■■ VANCHO BOSHNAKOV et al., Respondents, v BOARD OF EDUCATION OF TOWN OF EDEN et al., Defendants and Third-Party Plaintiffs-Respondents. COLOR TECHNICS PAINTING CORP., Third-Party Defendant-Appellant. (Appeal No. 1.) [716 NYS2d 520] —Judgment unanimously affirmed without costs. Memorandum: Third-party defendant, Color Technics Painting Corp. (Color Technics), appeals from a structured judgment entered following a jury trial on the issue of damages. Vancho Boshnakov (plaintiff) sustained serious injuries to his ankles and left knee when he fell more than 20 feet from a mechanical manlift into the auditorium seats of an elementary school (*see, Boshnakov v Higgins-Kieffer, Inc.*, 255 AD2d 983). Color Technics contends that the award of $2 million for future pain and suffering for a period of 27.2 years is excessive. Given plaintiff's remaining life span, the nature of plaintiff's unremitting pain and the need for further surgery, we conclude that the award does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

We reject Color Technics' contention that plaintiffs failed to establish the need for further surgery and specific anti-depressant medication. Plaintiffs established the need for such future surgery and medication to a reasonable degree of medical certainty. There is no proof that a less costly generic brand of anti-depressant medication is available to treat plaintiff.

We also reject the contention of Color Technics that it was unduly prejudiced by certain remarks made by plaintiffs' counsel in summation. Many of those remarks were made without objection, and those to which there were objections do not require reversal. We conclude that the so-called "bag of gold" remarks were fair comment in response to remarks by defense counsel. Plaintiffs' counsel did not tell the jurors, either directly or by implication, that they should put themselves in plaintiff's place and render such a verdict as they would wish to receive were they in plaintiff's position (*cf., Liosi v Vaccaro*, 35 AD2d 790; *see generally,* 22 Am Jur 2d, Damages, § 989, at 1029-1030).

Color Technics further contends that the court erred in denying its motion to reduce the award by the amount of plaintiff's disability pension benefits pursuant to CPLR 4545 (c). An offset under CPLR 4545 (c) is authorized only when the collateral source payment represents reimbursement for a particular category of loss that duplicates or corresponds to the category of loss for which damages were awarded (*see, Oden v Chemung*

*County Indus. Dev. Agency,* 87 NY2d 81, 87-88). Thus, while a lost pension benefit award is properly reduced by the amount of disability pension benefits that are received, a lost future earnings award is not (*see, Oden v Chemung County Indus. Dev. Agency, supra,* at 88-89). Here, plaintiff was not awarded damages specifically for future lost pension benefits. Although plaintiff was awarded damages for loss of future "earnings and benefits," Color Technics failed to establish the specific amount of lost pension benefits that allegedly should have been offset.

Finally, we conclude that the court properly determined the discount rate (*see, Caruso v LeFrois Bldrs.,* 217 AD2d 256, 260) and properly calculated plaintiffs' attorney's fees (*see, Bryant v New York City Health & Hosps. Corp.,* 93 NY2d 592, 604). (Appeal from Judgment of Supreme Court, Erie County, Mahoney, J.—Damages.) Present—Pine, J. P., Wisner, Balio and Lawton, JJ.