Joseph A. DiVincenzo et al., Plaintiffs, v Tripart Development, Inc., et al., Defendants. Siltone Building Company, Inc., Third-Party Plaintiff, v Daniel R. Reimherr, Individually and Doing Business as Doctor Carpentry, Third-Party Defendant. Tripart Development, Inc., Fourth-Party Plaintiff, v Daniel R. Reimherr, Individually and Doing Business as Doctor Carpentry, Fourth-Party Defendant. Daniel R. Reimherr, Plaintiff, v Siltone Building Company, Inc., et al., Defendants. Siltone Building Company, Inc., Third-Party Plaintiff-Appellant, v Joseph A. DiVincenzo, Third-Party Defendant-Respondent. Tripart Development, Inc., Fourth-Party Plaintiff, v Joseph A. DiVincenzo, Fourth-Party Defendant-Respondent. [718 NYS2d 544] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of Joseph A. DiVincenzo (DiVincenzo) seeking summary judgment dismissing the claims of third-party

plaintiff, Siltone Building Company, Inc. (Siltone) and fourth-party plaintiff, Tripart Development, Inc. (Tripart), for common-law indemnification against him.

By way of background, DiVincenzo was working for Daniel R. Reimherr as either an employee or an independent contractor. He was to assist Reimherr in hanging fireboard on the trusses located above a ceiling during the construction of a shopping mall. Reimherr instructed DiVincenzo to assist him in building a rigging so that a platform would be created to permit them to reach the upper part of the trusses with the fireboard. Reimherr told DiVincenzo what to do and how to do it. The rigging collapsed when Reimherr, who had been working at the opposite end of the platform, walked over and stood next to DiVincenzo; both men were injured. DiVincenzo had constructed the side of the platform that collapsed.

DiVincenzo and his wife commenced an action against Tripart, the owner, Siltone, the general contractor, and Reimherr, the subcontractor, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence. Prior to issuing the order giving rise to the instant appeal, the court granted the motion of the DiVincenzos seeking partial summary judgment against those defendants on the Labor Law § 240 (1) claim (*DiVincenzo v Tripart Dev.*, 272 AD2d 904). In addition, the court granted Siltone's motion seeking partial summary judgment on common-law indemnification against Reimherr, and denied that part of Reimherr's cross motion seeking partial summary judgment on common-law indemnification against DiVincenzo. On the appeal from that order, we determined that "Labor Law § 240 (1) does not * * * permit Reimherr to obtain indemnification from [DiVincenzo] [citations omitted] because Reimherr, a subcontractor, directed and controlled [his] work" (*DiVincenzo v Tripart Dev., supra,* at 905).

Reimherr also commenced an action, alleging that Tripart and Siltone are liable for his injuries pursuant to Labor Law §§ 200, 240 (1) and § 241 (6), and under a theory of common-law negligence. Tripart and Siltone in turn sought common-law indemnification and/or contribution from Reimherr, and Siltone and Tripart commenced separate third- and fourth-party actions against DiVincenzo and Reimherr seeking common-law indemnification from them. The court granted Reimherr's motion for partial summary judgment against Tripart and Siltone on the Labor Law § 240 (1) claim. With respect to the motion of DiVincenzo before us on this appeal, the court granted the motion and dismissed Siltone's third-party claim

and Tripart's fourth-party claim for common-law indemnification in Reimherr's action against Siltone and Tripart. Siltone now appeals from that order; Reimherr's appeal from that order has been deemed abandoned and dismissed (*see,* 22 NYCRR 1000.12 [b]).

The court properly granted the motion of DiVincenzo. If Siltone and Tripart were allowed to seek recovery from DiVincenzo in the action commenced against them by Reimherr, the public policy considerations behind Labor Law § 240 (1) would be undermined (*see, Smith v Hooker Chem. & Plastics Corp.,* 83 AD2d 199, 202-203, *lv dismissed* 56 NY2d 503). The fundamental purpose of Labor Law § 240 (1) is to provide "exceptional protection" for those who work at elevated sites (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501). That section imposes a nondelegable duty upon the property owner and contractors to safeguard such workers, "regardless of whether [they have] actually exercised supervision or control over the work" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 500). Labor Law § 240 (1) "was designed to place the responsibility for a worker's safety squarely upon the owner and contractor rather than on the worker" (*Felker v Corning Inc.,* 90 NY2d 219, 224). To permit a different result would produce the anomalous result of workers attempting to recover from each other for injuries sustained in construction site accidents. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.