■ DONALD A. VACANTI et al., Respondents, v HABASIT GLOBE, INC., Formerly Known as GLOBE INTERNATIONAL, INC., Formerly Known as 1400 CLINTON STREET, INC., Appellant. [724 NYS2d 240] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Donald A. Vacanti (plaintiff) was standing on a "foot scaffold," which consisted of a wooden plank laid across two concrete blocks. The main scaffold that was supporting the "foot scaffold" came apart as plaintiff was reaching to repair the block wall of a loading dock, and plaintiff fell approximately 12 feet to the ground. We reject defendant's contention that there is an issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries (*cf., Weininger v Hagedorn & Co.,* 91 NY2d 958, 960, *rearg denied* 92 NY2d 875). Here, plaintiffs established that plaintiff fell because of the instability of the base scaffold and was injured because no safety devices were in place or provided by the owner, notwithstanding the fact that plaintiff's own workmen constructed the two scaffolds. "Because there is no dispute that there were no safety devices provided, this is not a case where 'a reasonable jury could * * * conclude[ ] that plaintiff's actions were the sole proximate cause of his injuries,'" and plaintiffs therefore are entitled to partial summary judgment (*DiVincenzo v Tripart Dev.,* 272 AD2d 904, 905). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.