In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 31, 2002, as granted the defendants’ motion for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and denied their cross motion for partial summary judgment on the issue of liability on that cause of action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) is denied, that cause of action is reinstated, and the cross motion is granted.
It is well established that Labor Law § 240 (1) imposes absolute liability upon a contractor or owner who fails to provide safety devices to an independent contractor at an elevated work site where the lack of such devices is a substantial factor in causing the independent contractor’s injuries, even where the contractor or owner exercises no supervision, direction, or control over the independent contractor’s work (see Zimmer v *590 Chemung County Performing Arts, 65 NY2d 513 [1985]; Madden v Trustees of Duryea Presbyt. Church, 210 AD2d 382 [1994]).
The plaintiffs established their entitlement to partial judgment as a matter of law on the issue of liability by presenting evidence that no safety devices were provided (see Taeschner v M & M Restorations, 295 AD2d 598 [2002]). In opposition, the defendants failed to raise a triable issue of fact regarding liability. While a plaintiff cannot recover where his or her conduct was the sole proximate cause of his or her injuries (see e.g. Lozada v GBE Contr. Corp., 295 AD2d 482 [2002]), that defense was not available to the defendants under the circumstances of this case (see Vacanti v Habasit Globe, 283 AD2d 935 [2001]; DiVincenzo v Tripart Dev., 272 AD2d 904 [2000]).
The defendants’ remaining contentions are without merit. Florio, J.E, Friedmann, H. Miller and Mastro, JJ., concur.