■ RICK A. MYERS, Plaintiff, v T.C. SERVICE OF SPENCERPORT, INC., Appellant, and WILLIAM HOLDING, Doing Business as WILLIAM HOLDING BUILDERS, Respondent, et al., Defendants. [790 NYS2d 911]—

Appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered June 29, 2004 in a personal injury action. The order granted the motion of defendant William Holding, doing business as William Holding Builders, for contribution from defendant T.C. Service of Spencerport, Inc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Because a court always retains jurisdiction to consider any prior intermediate determination it has made (*see generally Aridas v Caserta*, 41 NY2d 1059, 1061 [1977]), we reach the merits of the appeal from an order in which Supreme Court reversed its own prior order, and we affirm. Plaintiff was granted summary judgment on his Labor Law § 240 (1) cause of action, and both defendant T.C. Service of Spencerport, Inc. (T.C.), the owner, and defendant William Holding, doing business as William Holding Builders (Holding), the general contractor, are vicariously liable under the statute. Contrary to the contention of T.C., Holding established that, as the general contractor, he lacked the authority to control or supervise plaintiff's work (*see Niethe v Palombo*, 283 AD2d 967, 968

[2001]; *Colyer v K Mart Corp.*, 273 AD2d 809, 810 [2000]; *DiVincenzo v Tripart Dev.*, 272 AD2d 904, 905 [2000]; *Siago v Garbade Constr. Co.*, 262 AD2d 945, 946 [1999]). Although T.C. raised an issue of fact whether Holding had the general authority to monitor work progress and safety conditions, such general authority "does not constitute supervision and control of the method and manner of plaintiff's work" (*Siago*, 262 AD2d at 946; *see Niethe*, 283 AD2d at 968; *Colyer*, 273 AD2d at 810; *DiVincenzo*, 272 AD2d at 905). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.