■ DAVID A. SPARKS, Respondent, v ESSEX HOMES OF WNY, INC., et al., Defendants. ESSEX HOMES OF WNY, INC., Third-Party Respondent, v ALUMINUM GUTTERS, Doing Business as NIAGARA GUTTERS, Third-Party Defendant-Appellant. (Appeal No. 2.) [798 NYS2d 293]—

Appeal from a judgment of the Supreme Court, Niagara County (Vincent E. Doyle, J.), entered July 6, 2004. The judgment, after a nonjury trial, was entered upon a decision in favor of plaintiff and against defendant Essex Homes of WNY, Inc. in the amount of $4,804,158.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when the fingers on his left hand were amputated by an electric saw that he was using to cut gutters in connection with the construction of a new home. Defendant-third-party plaintiff, Essex Homes of WNY, Inc. (Essex), was the general contractor; third-party defendant, Aluminum Gutters, doing business as Niagara Gutters (Niagara Gutters), was the subcontractor hired by Essex for gutter installation work and plaintiff's employer. Essex cross-moved for summary judgment on its causes of action for common-law and contractual

indemnification against Niagara Gutters as well as its cause of action for breach of contract. Supreme Court (Boniello, III, J.) denied the cross motion in an oral decision that was not transcribed; no order or judgment was issued. Justice Boniello signed an order to show cause that directed Niagara Gutters to show cause on February 3, 2004 why leave should not be granted to Essex to reargue its cross motion for summary judgment. On February 3, 2004, the date the case was scheduled for trial, Supreme Court (Doyle, J.) heard oral argument on Essex's motion for leave to reargue, granted the motion and, upon reargument, granted that part of the cross motion seeking contractual and common-law indemnification. Niagara Gutters appeals from the resulting order (appeal No. 1), the judgment entered in favor of plaintiff against Essex following a nonjury trial (appeal No. 2), and the judgment ordering Niagara Gutters to indemnify Essex (appeal No. 3).

Contrary to the contention of Niagara Gutters, Justice Doyle properly considered the motion for leave to reargue because Justice Boniello was out of the country and "unable to hear" the motion (CPLR 2221 [a]). Contrary to the further contention of Niagara Gutters, Justice Doyle properly granted the motion for leave to reargue and, upon reargument, granted the cross motion with respect to the causes of action for contractual and common-law indemnification (*see Siago v Garbade Constr. Co.*, 262 AD2d 945, 946 [1999]). The record established that the liability of Essex is vicarious, arising solely from its status as a general contractor (*see Niethe v Palombo*, 283 AD2d 967, 968 [2001]). Niagara Gutters directed and controlled the work that plaintiff was performing at the time of the accident, and it owned the saw and the truck on which the saw was mounted. We reject the contention of Niagara Gutters that there is a triable issue of fact whether Essex directed or controlled plaintiff's work. "The fact that [Essex] may have had general supervisory authority over the work, including the authority to enforce general safety standards, is insufficient to establish that it directed or controlled plaintiff's work" (*DePillo v Greater Auburn Land Co.*, 236 AD2d 863, 864 [1997]; *see Niethe*, 283 AD2d at 968; *Siago*, 262 AD2d at 946). We have considered the remaining contentions of Niagara Gutters and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.