■ JOHN M. NICHOLAS et al., Plaintiffs, v EPO-HARVEY APARTMENTS, LIMITED PARTNERSHIP, et al., Defendants. SAVARINO CONSTRUCTION SERVICES CORP., Third-Party Plaintiff-Respondent, v W.C. ROBERSON PLUMBING & CONSTRUCTION CORP., Third-Party Defendant-Appellant. [818 NYS2d 880]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered April 14, 2005 in a personal injury action. The order granted third-party plaintiff's motion seeking summary judgment and attorney's fees against third-party defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by John M. Nicholas (plaintiff) when he was struck by a trackhoe while performing construction work. Defendant and third-party plaintiff Savarino Construction Services Corp. (Savarino), the general contractor, commenced a third-party action against plaintiff's employer, W.C. Roberson Plumbing & Construction Corp. (Roberson), alleging, inter alia, that Roberson must indemnify Savarino for any recovery by plaintiffs against it in the main action pursuant to the contractual indemnification provision in the contract between Savarino and Roberson and all "defense costs and attorney's fees" by Savarino. Supreme Court properly granted those parts of the motion of Savarino seeking summary judgment on contractual indemnification and attorney's fees "pursuant to its indemnification rights" (see generally Chapel v Mitchell, 84 NY2d 345, 347-348 [1994]). It is undisputed that the trackhoe was leased by Roberson and operated by a Roberson employee. Further, Savarino submitted evidence establishing that plaintiff and the trackhoe operator received instructions only from Roberson's foreman and that Savarino exercised no supervisory control over their work. Thus, Savarino met its initial burden on the motion (see Newell v Almeter-Barry Constr. Mgt., 245 AD2d 1081 [1997]; Pietsch v Moog, Inc., 156 AD2d 1019, 1020-1021 [1989]), and we conclude that Roberson failed to raise a triable issue of fact. "The general authority of [Savarino] to coordinate subcontractors' work and to monitor work progress and safety conditions does not constitute supervision and control of the method and manner of plaintiff's work" (Siago v Garbade Constr. Co., 262 AD2d 945, 946 [1999]). Roberson's contention that Savarino contributed to the accident by creating "a hurried and unsafe work environment" is based on mere speculation and thus is insufficient to defeat the motion (see Yaeger v UCC Constructors, 281 AD2d 990 [2001]).

Finally, Roberson's further contention that Savarino contributed to the accident by failing to provide or ensure the use of spotters, flagmen or safety vests in the vicinity of the trackhoe is speculative (*see id.*) and, in addition, that contention is raised for the first time on appeal and thus is not properly before us (*see Rashford v City of Utica*, 23 AD3d 1000, 1001 [2005]). Present—Gorski, J.P., Martoche, Green, Pine and Hayes, JJ.