■ STEVEN WARNER, Respondent, v EASTMAN KODAK COMPANY et al., Appellants, et al., Defendants. [824 NYS2d 832]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered August 1, 2005. The order denied the motion of defendants Eastman Kodak Company and LeChase Construction Services, LLC for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant LeChase Construction Services, LLC and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for personal injuries sustained by him on premises owned by defendant Eastman Kodak Company (Kodak). Kodak had contracted with defendant LeChase Construction Services, LLC (LeChase) to carry out the relocation of certain equipment and materials from Kodak's Elmgrove plant to Kodak's East-

man Park plant, and LeChase had subcontracted that moving work to plaintiff's employer, KBH Construction. Plaintiff allegedly injured his spine while attempting to pull a heavy piece of machinery on a pallet and pallet jack; the wheel of the pallet jack had become stuck in a "groove" in the floor in the second floor doorway to a freight elevator.

We conclude that Supreme Court erred in denying the motion of Kodak and LeChase (defendants) insofar as it sought summary judgment dismissing the complaint against LeChase, and we modify the order accordingly. Defendants established as a matter of law that LeChase lacked the requisite supervision and control over the work of plaintiff (*see Smith v Le Frois Dev., LLC*, 28 AD3d 1133, 1134 [2006]; *Newell v Almeter-Barry Constr. Mgt.*, 245 AD2d 1081 [1997]; *Pietsch v Moog, Inc.*, 156 AD2d 1019, 1020-1021 [1989]), and plaintiff failed to raise a triable issue of fact (*see Nicholas v EPO-Harvey Apts., Ltd. Partnership*, 31 AD3d 1174, 1175 [2006]; *Smith*, 28 AD3d at 1134). Moreover, insofar as plaintiff seeks to impose liability upon LeChase for the allegedly dangerous or defective condition of the premises, defendants established that LeChase was not an owner, occupier, or special user of the premises and otherwise lacked control over it (*see Kelly v Kowsky*, 299 AD2d 865, 865-866 [2002]; *see also Clifford v Woodlawn Volunteer Fire Co., Inc.*, 31 AD3d 1102, 1103 [2006]; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296-297 [1988], *lv dismissed in part and denied in part* 73 NY2d 783 [1988]; *cf. Murphy v Kendig*, 295 AD2d 946, 947 [2002]).

We conclude, however, that the court properly denied the motion insofar as it sought summary judgment dismissing the complaint against Kodak. As movants, defendants did not make the necessary showing that Kodak did not direct or control the injury-producing work of plaintiff as a matter of law (*see generally Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Walp v ACTS Testing Labs, Inc./Div. of Bur. Veritas*, 28 AD3d 1104, 1105 [2006]; *Militello v New Plan Realty Trust*, 16 AD3d 1092, 1093 [2005]). In any event, as owner of the premises, Kodak is potentially liable for the allegedly dangerous or defective condition thereof. In order to obtain summary judgment dismissing the complaint against Kodak, defendants had to establish that Kodak neither created the alleged defect nor had actual or constructive notice of it (*see Atkinson v Golub Corp. Co.*, 278 AD2d 905, 905-906 [2000]). The record does not permit us to conclude as a matter of law that Kodak did not affirmatively cause or create the "groove" in the floor at the doorway of the elevator (*see Edwards v Arlington Mall Assoc.*, 6

AD3d 1136, 1137 [2004]). Moreover, defendants failed to establish as a matter of law that Kodak lacked actual or constructive notice of the condition in question (*see id.; see also Riordan v BOCES of Rochester*, 4 AD3d 869, 870-871 [2004]).

We have considered defendants' remaining contention and conclude that it is without merit. Present—Kehoe, J.P., Martoche, Centra, Green and Pine, JJ.