# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1391**
**CA 14-00871**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF MARGUERITE MITCHELL,
INDIVIDUALLY AND AS ADMINISTRATRIX OF THE
ESTATE OF JOHN K. MITCHELL, DECEASED,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NRG ENERGY, INC. AND DUNKIRK POWER LLC,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

BROWN CHIARI LLP, LANCASTER (SAMUEL J. CAPIZZI OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (THOMAS P. KAWALEC OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (Timothy J. Drury, J.), entered December 20, 2013. The order,
among other things, denied the motion of defendants for summary
judgment and denied the cross motion of plaintiff for partial summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part, and
dismissing the Labor Law § 200 and common-law negligence causes of
action and the Labor Law § 241 (6) cause of action insofar as it is
premised on the alleged violation of 12 NYCRR 23-9.7 (c), and as
modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law
negligence action, arising from the death of John K. Mitchell
(decedent). Decedent was killed when the dump box of a dump truck
lowered suddenly while he was attempting to unload debris from a
demolition project, crushing him between the box and the frame of the
truck. Plaintiff appeals and defendants cross-appeal from an order
that, inter alia, denied plaintiff's cross motion for partial summary
judgment on the issue of liability with respect to her cause of action
pursuant to Labor Law § 240 (1), and denied defendants' motion for
summary judgment seeking dismissal of the complaint. Contrary to the
contentions of the parties on appeal and cross appeal, Supreme Court
properly denied the motion and cross motion with respect to the cause
of action for the violation of Labor Law § 240 (1). Although "there
is a potential 'causal connection between the object['s] inadequately
regulated descent and plaintiff's injury' . . . , neither party is

entitled to summary judgment on plaintiff's Labor Law § 240 (1) [cause of action]. Whether plaintiff's injuries were proximately caused by the lack of a safety device of the kind required by the statute is an issue for a trier of fact to determine" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 11, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 605).

Contrary to defendants' contention on their cross appeal, the court properly denied their motion with respect to the Labor Law § 241 (6) cause of action insofar as it is premised on alleged violations of 12 NYCRR 23-2.1 (b) and the third sentence of 12 NYCRR 23-9.2 (a). "We have previously held that 12 NYCRR 23-2.1 (b) is sufficiently specific to support liability under section 241 (6)" (*DiPalma v State of New York*, 90 AD3d 1659, 1661), and "[t]he court properly concluded that defendant[s] [were] not prejudiced by [plaintiff's] delay in identifying the alleged violation of [that] section[] of the Industrial Code" (*Gizowski v State of New York*, 66 AD3d 1348, 1349). Moreover, we conclude that there are triable issues of fact whether defendants violated that regulation and whether decedent's injuries were proximately caused thereby.

With respect to the third sentence of 12 NYCRR 23-9.2 (a) we note that it is also sufficiently specific to support recovery under Labor Law § 241 (6) (*see Misicki v Caradonna*, 12 NY3d 511, 520-521), and we further conclude that there are triable issues of fact whether defendants violated that part of the regulation and whether decedent's injuries were proximately caused thereby. We reject defendants' contention that they cannot be held liable, in any event, for an alleged violation of 12 NYCRR 23-9.2 (a) inasmuch as they had no notice of, and were not aware that, the condition at issue was dangerous. Defendants' knowledge that the condition was dangerous is not a precursor to the imposition of liability (*see Harris v Seager*, 93 AD3d 1308, 1309).

We agree with defendants, however, that the court erred in denying their motion with respect to the Labor Law § 241 (6) cause of action insofar as it is premised on an alleged violation of 12 NYCRR 23-9.7 (c), and we therefore modify the order accordingly. That regulation states in pertinent part that "[t]rucks shall not be loaded beyond their rated capacities" (*id.*). Defendants met their initial burden on their motion of establishing that the truck was not overloaded, and plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We also agree with defendants that the court erred in denying that part of their motion seeking summary judgment on the Labor Law § 200 and common-law negligence causes of action, and we therefore further modify the order accordingly. It is well settled that, "[w]here the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Here, defendants met their burden on the motion of

establishing that they did not direct or control plaintiff's work (*see Jones v County of Erie*, 121 AD3d 1562, 1563), and plaintiff failed to raise a triable issue of fact (*see Sparks v Essex Homes of WNY, Inc.*, 20 AD3d 905, 906).  "There is no evidence that defendant[s] gave anything more than general instructions on what needed to be done, not how to do it, and monitoring and oversight of the timing and quality of the work is not enough to impose liability under section 200" or under the common law (*Dalanna v City of New York*, 308 AD2d 400, 400).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court