Abreu v Frocione Props., LLC (2021 NY Slip Op 06498)





Abreu v Frocione Props., LLC


2021 NY Slip Op 06498


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND WINSLOW, JJ.


832 CA 20-01339

[*1]AGAPITO ABREU, PLAINTIFF-APPELLANT,
v
FROCIONE PROPERTIES, LLC, DELI-BOY, INC., BIG APPLE DELI PRODUCTS, INC., INSLEY-MCENTEE EQUIPMENT CO. INC., K-D STEEL FABRICATING, DOING BUSINESS AS INSLEY-MCENTEE EQUIPMENT CO. INC., RIDG-U-RAK, INC., FOOD TECH, INC., EMCOR GROUP, INC., OGDEN CENTER DEVELOPMENT CORP., DEFENDANTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (RICHARD S. POVEROMO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS FROCIONE PROPERTIES, LLC, DELI-BOY, INC., AND BIG APPLE DELI PRODUCTS, INC. 
GOLDBERG SEGALLA LLP, BUFFALO (RAUL MARTINEZ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS INSLEY-MCENTEE EQUIPMENT CO. INC. AND K-D STEEL FABRICATING, DOING BUSINESS AS INSLEY-MCENTEE EQUIPMENT CO. INC. 
LAW OFFICES OF JOHN WALLACE, HARTFORD, CONNECTICUT (NANCY A. LONG OF COUNSEL), FOR DEFENDANT-RESPONDENT RIDG-U-RAK, INC.
WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (THOMAS E. REIDY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS FOOD TECH, INC. AND EMCOR GROUP, INC. 
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW C. LENAHAN OF COUNSEL), FOR DEFENDANT-RESPONDENT OGDEN CENTER DEVELOPMENT CORP. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (William K. Taylor, J.), entered September 10, 2020. The order and judgment granted those parts of the motions of defendants seeking summary judgment dismissing the second amended complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that he sustained while working on the construction of a food distribution warehouse. Plaintiff and a coworker were installing a pallet rack shelving system when unassembled segments of the rack tipped over onto his legs. Supreme Court, inter alia, granted those parts of the motions of defendants seeking summary judgment dismissing the second amended complaint against them. We affirm.
We note at the outset that plaintiff does not challenge those parts of the order and judgment granting defendants' motions with respect to the Labor Law § 240 (1) claim and granting the motions of defendants Frocione Properties, LLC, Deli-Boy, Inc., Big Apple Deli [*2]Products, Inc., Insley-McEntee Equipment Co. Inc., K-D Steel Fabricating, doing business as Insley-McEntee Equipment Co. Inc., and Ridg-U-Rak, Inc. with respect to the Labor Law § 200 and common-law negligence claims. Thus, plaintiff has abandoned any issues with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We reject plaintiff's contention that the court erred in granting defendants' motions with respect to the Labor Law § 241 (6) claim. "A plaintiff asserting a cause of action under Labor Law § 241 (6) must demonstrate a violation of a rule or regulation of the Industrial Code which gives a specific, positive command, and is applicable to the facts of the case" (Shaw v Scepter, Inc., 187 AD3d 1662, 1665 [4th Dept 2020] [internal quotation marks omitted]). On appeal, plaintiff challenges the court's determination with respect to only one section of the Industrial Code, i.e., 12 NYCRR 23-2.1 (a) (1), which relates to "[s]torage of material and equipment," and requires, inter alia, that "[m]aterial piles shall be stable under all conditions" (see Slowe v Lecesse Constr. Servs., LLC, 192 AD3d 1645, 1646 [4th Dept 2021]). Here, defendants established as a matter of law that 12 NYCRR 23-2.1 (a) (1) is inapplicable because, at the time of the accident, the rack segments that caused plaintiff's injuries were in use and were not in storage (see Miles v Buffalo State Alumni Assn., Inc., 121 AD3d 1573, 1574-1575 [4th Dept 2014]; Zamajtys v Cholewa, 84 AD3d 1360, 1362 [2d Dept 2011]).
Contrary to plaintiff's further contention, the court properly granted those parts of the motions of defendants Food Tech, Inc. (Food Tech), EMCOR Group, Inc., and Ogden Center Development Corp. (Ogden) seeking dismissal of the Labor Law § 200 and common-law negligence claims against them. Those defendants established as a matter of law that the accident resulted from the manner in which the work was performed, not from any dangerous condition on the premises (see Gillis v Brown, 133 AD3d 1374, 1376 [4th Dept 2015]; Zimmer v Town of Lancaster Indus. Dev. Agency, 125 AD3d 1315, 1316-1317 [4th Dept 2015]) and that "they did not actually direct or control" the work of installing the racks (Bausenwein v Allison, 126 AD3d 1466, 1468 [4th Dept 2015]; see Anderson v National Grid USA Serv. Co., 166 AD3d 1513, 1514 [4th Dept 2018]; see generally Hargrave v LeChase Constr. Servs., LLC, 115 AD3d 1270, 1271-1272 [4th Dept 2014]). Although there was deposition testimony that representatives of Food Tech and Ogden may have exercised general supervision of the work site as a whole, it is well settled that the "right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence" (Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1092 [2d Dept 2016] [internal quotation marks omitted]; see Timmons v Barrett Paving Materials, Inc., 83 AD3d 1473, 1476 [4th Dept 2011], lv dismissed in part and denied in part 17 NY3d 843 [2011]; McCormick v 257 W. Genesee, LLC, 78 AD3d 1581, 1581-1582 [4th Dept 2010]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court