Szlapak v The L.C. Whitford, Co., Inc. (2025 NY Slip Op 05385)

Szlapak v The L.C. Whitford, Co., Inc.

2025 NY Slip Op 05385

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

674 CA 24-01679

[*1]SIMON SZLAPAK, PLAINTIFF-RESPONDENT,
v
THE L.C. WHITFORD, CO., INC., DEFENDANT-APPELLANT. 

RUPP PFALZGRAF LLC, BUFFALO (JILL L. YONKERS OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE LAW OFFICE OF MICHAEL JAMES PRISCO, MASSAPEQUA (MICHAEL J. PRISCO OF COUNSEL), AND NICHOLAS, PEROT, SMITH, BERNHARDT & ZOSH, AKRON, FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered September 26, 2024, in a Labor Law and common-law negligence action. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries that he sustained while working on a bridge replacement project. Defendant, the project's general contractor, subcontracted with plaintiff's employer to drill micropiles to support the bridge's foundation. Plaintiff was assisting two coworkers when he was struck by a breakout wrench during the drilling process.
Defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion with respect to the Labor Law § 200 and common-law negligence causes of action except insofar as those causes of action were based on alleged OSHA violations or an inherent defect theory of liability based on actual or constructive notice. Defendant now appeals from the order to the extent that it denied the motion, and we reverse the order insofar as appealed from.
Preliminarily, we note that plaintiff's assertion that there is a question of fact whether there was a dangerous condition at the worksite that defendant had actual or constructive notice of is not properly before this Court. Claims for worksite injuries alleging liability under Labor Law § 200 and common-law negligence " 'fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed' " (Mayer v Conrad, 122 AD3d 1366, 1367 [4th Dept 2014]). Inasmuch as plaintiff did not cross-appeal from that part of the order granting the motion with respect to the Labor Law § 200 and common-law negligence causes of action insofar as they alleged dangerous or defective premises conditions at the worksite, plaintiff's contention is beyond our "scope of review . . . [, which] is generally limited to those parts of the [order] that have been appealed and that aggrieve the appealing party" (Hecht v City of New York, 60 NY2d 57, 61 [1983]; see Barker v Gervera, 236 AD3d 1318, 1326 [4th Dept 2025]).
We agree with defendant that the court erred in denying defendant's motion with respect to the portions of plaintiff's Labor Law § 200 and common-law negligence causes of action alleging negligence in the manner in which work was performed. It is well settled that " '[w]here the alleged defect or dangerous condition arises from the contractor's methods and the [defendant] exercises no supervisory control over the operation, no liability attaches to the [*2][defendant] under the common law or under Labor Law § 200' " (Hargrave v LeChase Constr. Servs., LLC, 115 AD3d 1270, 1271-1272 [4th Dept 2014], quoting Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; D'Antuono v Goodyear Tire & Rubber Co. Chem. Div., 231 AD2d 955, 955 [4th Dept 1996]).
Here, defendant established as a matter of law that it " 'did not actually direct or control' " the work of drilling the micropiles (Abreu v Frocione Props., LLC, 199 AD3d 1452, 1453 [4th Dept 2021]). Contrary to plaintiff's assertion, " '[t]here is no direction or control if the [general contractor merely] informs the worker what work should be performed . . . [;] there is direction and control [only where the general contractor] specifies how that work should be performed' " (Byrd v Roneker, 90 AD3d 1648, 1650 [4th Dept 2011]). "Similarly, 'a general duty to ensure compliance with safety regulations or the authority to stop work for safety reasons' " (Timmons v Barrett Paving Materials, Inc., 83 AD3d 1473, 1476 [4th Dept 2011], lv dismissed in part & denied in part 17 NY3d 843 [2011]; see McCune v Black Riv. Constructors, 225 AD2d 1078, 1079 [4th Dept 1996]), or even the " 'monitoring and oversight of the timing and quality of the work' " (Matter of Mitchell v NRG Energy, Inc., 125 AD3d 1542, 1544 [4th Dept 2015]; see Enderlin v Herbert Indus. Insulation, 224 AD2d 1020, 1020-1021 [4th Dept 1996]) are insufficient to raise a triable issue of fact whether defendant exercised direction and control over the manner of plaintiff's work.
In light of our determination, we do not address defendant's remaining contentions.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court