■ PATRICK A. POMENTO, Appellant, v CITY OF ROME, Respondent. [647 NYS2d 604] —Order unanimously affirmed without costs. Memorandum: On February 27, 1992, at about 2:40 A.M., plaintiff entered a restaurant in Rome. According to Susan Sterling, a waitress at the restaurant, he appeared to be intoxicated. Plaintiff became loud and boisterous and Sterling finally called the police to request that they remove plaintiff from the premises. Upon their arrival, Officers Simons and Ia-

cobissi observed that plaintiff had glassy eyes, slurred speech, and impaired motor skills, and that his breath had an alcoholic odor. In their opinion, plaintiff was intoxicated. Sterling told Officer Simons that she had earlier observed plaintiff leave the restaurant, and that, when she looked out of the restaurant window a few minutes later, she saw plaintiff behind the wheel of a truck, which was stopped at an intersection and resting against a stop sign. She then saw plaintiff get out of the truck and return to the restaurant. Upon examining the truck, the officers observed that the passenger door was damaged; they also observed that the stop sign was slightly angled. After obtaining Sterling's statement, Officer Simons administered an alco-sensor test to plaintiff, which indicated positive for alcohol. Plaintiff refused to submit to any further field sobriety tests and Officer Simons placed him under arrest for driving while intoxicated and failure to use a designated lane. Following a trial, Rome City Court dismissed the charges on the ground that the evidence against plaintiff was legally insufficient. Plaintiff then commenced this action for malicious prosecution, alleging that defendant's police officers acted with malice and without probable cause to arrest him. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, and plaintiff appeals. We affirm.

"The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929; *see, Colon v City of New York*, 60 NY2d 78, 82, *rearg denied* 61 NY2d 670). Probable cause in the context of malicious prosecution is defined as the existence of facts and circumstances leading a reasonably prudent person to believe plaintiff guilty of a crime (*Colon v City of New York, supra,* at 82). "[I]nformation provided by an identified citizen accusing another of a crime is legally sufficient to provide the police with probable cause to arrest" (*People v Banks*, 151 AD2d 491, *lv denied* 74 NY2d 805). If the facts are undisputed, the existence of probable cause may be resolved as a matter of law (*see, Weingarten v Halfpenny Auto Parts*, 138 AD2d 373, 374).

Defendant met its initial burden of showing that the officers had probable cause to make an arrest and plaintiff failed to raise a triable issue of fact in response. Vehicle and Traffic Law § 1194 (1) (a) provides that "a police officer may, without a

warrant, arrest a person [for driving while under the influence of alcohol], if such violation is coupled with an accident or collision in which such person is involved, which in fact has been committed, though not in the police officer's presence, when the officer has reasonable cause to believe that the violation was committed by such person." The statement of Sterling to Officer Simons that she had seen plaintiff seated on the driver's side of the truck, which was resting against a stop sign, coupled with the officers' own observations of plaintiff's intoxication and the damage to the truck and the stop sign were sufficient to provide the officers with reasonable cause to believe that plaintiff had driven the vehicle in an intoxicated condition (*cf., People v Blake,* 5 NY2d 118). In light of our determination, it is unnecessary to reach the contention of plaintiff that malice may be implied because the officers lacked probable cause for his arrest. In any event, there is nothing in the record to support the conclusion that the officers acted "due to a wrong or improper motive" (*Nardelli v Stamberg,* 44 NY2d 500, 503; *see, Phillips v City of Syracuse,* 84 AD2d 957, *affd* 57 NY2d 996). Finally, plaintiff has failed to brief the issue whether his cause of action for malicious prosecution predicated upon the charge of failure to submit to a chemical test was properly dismissed; therefore, we deem that issue abandoned (*see, Ciesinski v Town of Aurora,* 202 AD2d 984). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Doerr and Boehm, JJ.