■ ROBERT S. QUIGLEY, Respondent, v CITY OF AUBURN et al., Appellants. [701 NYS2d 580] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motions for summary judgment dismissing the complaint. Plaintiff, a part-time patrolman employed by the Marcellus Police Department, was asked by a friend to help obtain physical custody of her daughter. Although plaintiff was not on duty during the incident, he was carrying his weapon and badge in a pack. When he attempted to show his badge to the child's father, who was chasing him, his gun slipped from the pack, and he grabbed the gun to secure it. The child's

father, defendant John A. Kehoe, subsequently filed a complaint against plaintiff, and plaintiff was charged with menacing in the second degree (Penal Law § 120.14 [1]). Plaintiff was acquitted following a jury trial and commenced this lawsuit asserting causes of action for malicious prosecution against all defendants, and a cause of action for false arrest and false imprisonment against the municipal defendants.

An element of a cause of action for malicious prosecution is absence of probable cause to institute the criminal proceeding (*see, Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanberger v Kellogg*, 423 US 929; *Pandolfo v U.A. Cable Sys.*, 171 AD2d 1013). Likewise, an affirmative defense to a cause of action for false arrest and false imprisonment is legal justification that may be established by a showing that the arrest was based on probable cause (*see, Broughton v State of New York, supra*, at 458). "If the facts are undisputed, the existence of probable cause may be resolved as a matter of law" (*Pomento v City of Rome*, 231 AD2d 875, 876; *see, Pandolfo v U.A. Cable Sys., supra*, at 1013; *see also, Munoz v City of New York*, 18 NY2d 6, 11).

The court should have granted the motion of the municipal defendants for summary judgment dismissing the complaint against them. Those defendants established that there was probable cause to arrest plaintiff for committing the crime of menacing in the second degree, and plaintiff failed to raise a triable issue of fact. Penal Law § 120.14 (1) provides that a "person is guilty of menacing in the second degree when * * * he * * * intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, rifle, revolver, shotgun, machine gun or other firearm". Kehoe and three other witnesses stated to the police that plaintiff displayed a firearm. Indeed, plaintiff admitted in an affidavit to the police that he displayed a firearm, although he asserted that he did so inadvertently. That information was "of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it [was] reasonably likely that [menacing in the second degree] was committed and that [plaintiff] committed it" (CPL 70.10 [2]; *see, Pomento v City of Rome, supra*, at 876-877). The fact that plaintiff claimed the display was inadvertent is of no moment because "[a]n ac-

cused's exculpatory statement does not, of course, negate the existence of probable cause" (*Coleman v City of New York*, 182 AD2d 200, 205, n). Likewise, plaintiff's later acquittal on the menacing charge is irrelevant because only the facts leading up to plaintiff's arrest are relevant to the issue of probable cause (*see, Coleman v City of New York, supra*, at 204).

The court also should have granted the motion of Kehoe for summary judgment dismissing the complaint against him. Kehoe met his initial burden, and plaintiff failed to raise an issue of fact whether Kehoe " 'played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act' " (*Present v Avon Prods.*, 253 AD2d 183, 189, *lv dismissed* 93 NY2d 1032, quoting *Viza v Town of Greece*, 94 AD2d 965, 966). The record establishes that Kehoe signed an "information/complaint" against plaintiff and furnished information to law enforcement authorities, who then exercised their own judgment in determining whether they should arrest and file criminal charges against plaintiff. It is well settled that such actions by a civilian complainant, like Kehoe, do not render the complainant liable for false arrest or malicious prosecution (*see, Du Chateau v Metro-North Commuter R. R. Co.*, 253 AD2d 128, 131). Thus, as a matter of law, plaintiff failed to raise a triable issue of fact whether Kehoe " 'commenced the proceeding against the plaintiff or * * * instigated the arrest' " (*Du Chateau v Metro-North Commuter R. R. Co., supra*, at 131, quoting *Eisenkraft v Armstrong*, 172 AD2d 484, 486). (Appeals from Order of Supreme Court, Cayuga County, Corning, J.— Summary Judgment.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.