■ JAMES LOWMACK et al., Respondents-Appellants, v ECKERD CORPORATION, Respondent, and TOWN OF CHEEKTOWAGA et al., Appellants-Respondents. [757 NYS2d 406] —Appeal and cross appeal from an order of Supreme Court, Erie County (Michalek, J.), entered May 14, 2002, which, inter alia, granted the motion of defendant Eckerd Corporation for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in part the motion of defendant Eckerd Corporation and reinstating the fourth and sixth causes of action for false arrest/false imprisonment and loss of consortium against it and as modified the order is affirmed with costs to plaintiffs.

Memorandum: James Lowmack (plaintiff) was arrested and briefly detained by officers of defendant Town of Cheektowaga Police Department based on allegations by employees of defendant Eckerd Corporation (Eckerd) that plaintiff had robbed one of Eckerd's stores. Plaintiff was released after the officers had viewed a store surveillance tape and determined that plaintiff was not the criminal. Plaintiffs commenced this action against Eckerd and defendants Town of Cheektowaga and Town of Cheektowaga Police Department (collectively, Town) alleging various theories of liability. Eckerd moved for summary judgment dismissing the complaint against it, and the Town moved for summary judgment dismissing the complaint and cross claims against it. Supreme Court granted the motion of Eckerd in its entirety. The court also granted the motion of the Town in part, dismissing the second and fifth causes of action against the Town, and denied the motion with respect to the causes of action against the Town for false arrest/false imprisonment, assault/battery and loss of consortium.

On plaintiffs' cross appeal, we conclude that the court erred in granting that part of the motion of Eckerd for summary judgment dismissing the cause of action for false arrest/false imprisonment against it and thus the derivative cause of action. A civilian complainant will generally not be liable for false arrest/false imprisonment merely for seeking the assistance of or furnishing information to law enforcement authorities, who are then free to exercise their own judgment concerning whether an arrest should be made and criminal charges filed (*see Chapo v Premier Liq. Corp.,* 259 AD2d 1050, 1051 [1999]; *Cobb v Willis,* 208 AD2d 1155, 1156 [1994]; *see also Saunders v County of Washington,* 255 AD2d 788, 789-790 [1998]; *Du Chateau v Metro-North Commuter R.R. Co.,* 253 AD2d 128, 131 [1999]; *see generally* Annotation, *False Imprisonment: Liability of Private Citizen for False Arrest by Officer,* 21 ALR2d 643, § 23). Nor does identifying the plaintiff as the perpetrator of a crime necessarily give rise to tort liability (*see Du Chateau,* 253 AD2d at 131; *see generally* 21 ALR2d 643, § 27). "To sustain a cause of action for false arrest and false imprisonment [against a civilian complainant], a plaintiff must show that the defendant took an active role in the [arrest] of the plaintiff, such as giving advice and encouragement or importuning the authorities to act, and that the defendant intended to confine the plaintiff (*see, DeFilippo v County of Nassau,* 183 AD2d 695 [1992]; *Carrington v City of New York,* 201 AD2d 525 [1994])" (*Celnick v Freitag,* 242 AD2d 436, 437 [1997]; *see Quigley v City of Auburn,* 267 AD2d 978, 980 [1999]). Thus, "[o]ne who instigates, causes or directs an arrest without a warrant is liable if it results in false imprisonment because no crime has been committed or the person arrested is innocent" (59 NY Jur 2d, False Imprisonment and Malicious Prosecution § 37; *see Dunn v City of Syracuse,* 83 AD2d 783 [1981]; *see generally* 21 ALR2d 643, § 22). We conclude that there is a triable issue of fact concerning whether plaintiff's arrest was instigated or procured by employees of Eckerd with the intent that plaintiff be confined (*see Barnes v Bollhorst,* 14 AD2d 774 [1961]; *see generally Warner v Druckier,* 266 AD2d 2, 3 [1999]; *Donnelly v Morace,* 162 AD2d 247, 248 [1990]). We thus modify the order by denying in part the motion of Eckerd and reinstating the fourth and sixth causes of action for false arrest/false imprisonment and loss of consortium against it.

We have considered the remaining contentions raised on the appeal and the cross appeal, and we conclude that they are without merit. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.