# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**429**

**CA 10-01067**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

JOSEPH TIMMONS AND JENNIFER TIMMONS,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

BARRETT PAVING MATERIALS, INC.,
DEFENDANT-RESPONDENT-RESPONDENT.
------------------------------------------------
BARRETT PAVING MATERIALS, INC., THIRD-PARTY
PLAINTIFF-RESPONDENT-RESPONDENT,

V

SCHNEIDER BROTHERS CORPORATION,
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.
(ACTION NO. 1.)
------------------------------------------------
BARRETT PAVING MATERIALS, INC.,
PLAINTIFF-RESPONDENT,

V

COLONY INSURANCE COMPANY, DEFENDANT-APPELLANT.
(ACTION NO. 2.)

---

COTE & VAN DYKE, LLP, SYRACUSE (JOANNE VAN DYKE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (SABRINA A. VICTOR OF
COUNSEL), FOR DEFENDANT-APPELLANT.

COLUCCI & GALLAHER, P.C., BUFFALO (PAUL G. JOYCE OF COUNSEL), FOR
DEFENDANT-RESPONDENT-RESPONDENT, THIRD-PARTY PLAINTIFF-RESPONDENT-
RESPONDENT AND PLAINTIFF-RESPONDENT.

COHEN & LOMBARDO, P.C., BUFFALO (STUART B. SHAPIRO OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

---

Appeals and cross appeal from a judgment of the Supreme Court,
Oswego County (Norman W. Seiter, Jr., J.), entered April 24, 2009.
The judgment, among other things, granted defendant/third-party
plaintiff Barrett Paving Materials, Inc.'s motion for summary judgment
in action No. 1 and denied defendant Colony Insurance Company's motion
for summary judgment in action No. 2.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiffs Joseph Timmons and Jennifer Timmons (Timmmons plaintiffs) commenced action No. 1 alleging, inter alia, Labor Law violations based on injuries sustained by Joseph Timmons (Timmons) when he was struck by a metal catwalk while working on property owned by Barrett Paving Materials, Inc. (Barrett), the defendant in action No. 1.  Barrett in turn commenced a third-party action against Timmons' employer, Schneider Brothers Corporation (Schneider), seeking a declaration that Schneider was obligated to defend and indemnify it in action No. 1 and that it was an additional insured under a commercial general liability policy issued to Schneider by Colony Insurance Company (Colony).  Thereafter, Barrett commenced action No. 2 against Colony, the defendant in that action, seeking, inter alia, a declaration that it is an additional insured under the policy issued to Schneider.

In action No. 1, Barrett moved, inter alia, for summary judgment dismissing the Labor Law § 240 (1), § 241 (6) and § 200 claims against it, as well as the separate Labor Law § 241 (6) cause of action against it, and for judgment in the third-party action declaring that Schneider must defend and indemnify it in the Timmons action.  Supreme Court granted those parts of the motion with respect to the Labor Law and, although the Timmons plaintiffs also asserted a cause of action for common-law negligence, the court, apparently sua sponte, dismissed the complaint in its entirety.  We note that the Timmons plaintiffs do not contend on appeal that Barrett did not seek that relief with respect to the common-law negligence cause of action, nor do they contend that Barrett was not entitled to it.  The Timmons plaintiffs thus are deemed to have abandoned any contention with respect to the alleged viability of the common-law negligence cause of action (*see* *Ciesinski v Town of Aurora*, 202 AD2d 984).

Contrary to the Timmons plaintiffs' contention, the court properly granted that part of the motion with respect to Labor Law § 240 (1).  It is well settled that Labor Law § 240 (1) "was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Runner v New York Stock Exch.*, *Inc.*, 13 NY3d 599, 604, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501).  "[F]or section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker.  A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268).

Here, the record establishes that, prior to the accident, Timmons and a coworker had tack-welded the catwalk to a building, following which the workers noticed that the outside portion of the catwalk was slightly higher than the inside portion.  Timmons' coworker attempted to level the catwalk by pushing down on it with a manlift while

Timmons, who was standing on a lower catwalk, prepared to weld a support gussett underneath the tack-welded catwalk. As a result of the pressure exerted on the catwalk by the manlift, the tack-weld on the portion of the catwalk closest to Timmons broke and that end of the catwalk fell, striking Timmons in the head and pinning him between the upper catwalk and the handrail of the lower catwalk. "Since the [catwalk] was not an object being hoisted or secured, Labor Law § 240 (1) does not apply" (*id.* at 269; *see Bennett v SDS Holdings*, 309 AD2d 1212, 1213). We thus conclude that Timmons was "exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)" (*Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843).

With respect to Labor Law § 241 (6), the court properly concluded that the Industrial Code regulations relied upon by the Timmons plaintiffs are either insufficiently specific to support such a claim or cause of action or are inapplicable to the facts of this case. 12 NYCRR 23-1.5 "sets forth only a general safety standard and is thus incapable of supporting a Labor Law § 241 (6) claim" or cause of action (*McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1583 [internal quotation marks omitted]; *see Wilson v Niagara Univ*., 43 AD3d 1292, 1293). In addition, 12 NYCRR 23-1.7 (a) does not apply here because there is no evidence that the area in which Timmons was working was "normally exposed to falling material or objects" within the meaning of that section (12 NYCRR 23-1.7 [a] [1]; *see Perillo v Lehigh Constr. Group, Inc.*, 17 AD3d 1136, 1138). Lastly, 12 NYCRR 23-2.3 also has no application to this case because it regulates "the final placing of structural steel members" (12 NYCRR 23-2.3 [a] [1]), which was not the task in which Timmons was engaged at the time of his accident (*see Smith v Le Frois Dev., LLC*, 28 AD3d 1133, 1134). In any event, even if the upper catwalk was a "structural steel member[]," 12 NYCRR 23-2.3 (a) (1) "does not require that hoisting ropes be used for the placing of structural steel members. Rather, the regulation applies only when hoisting ropes are actually used for the placing of structural steel members. Thus, because no hoisting ropes were used by [Timmons], the regulation is inapplicable" (*Hasty v Solvay Mill Ltd. Partnership*, 306 AD2d 892, 894).

With respect to Labor Law § 200, that statute "codifies the common-law duty of an owner or employer to provide employees with a safe place to work" (*Jock v Fien*, 80 NY2d 965, 967; *see Ross*, 81 NY2d at 505; *Lombardi v Stout*, 80 NY2d 290, 294). "An implicit precondition to this duty is that the party charged with that responsibility have the authority to control the activity bringing about the injury" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [internal quotation marks omitted]). "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under . . . Labor Law § 200" (*id.*; *see Lombardi*, 80 NY2d at 295).

Here, Barrett established that it did not supervise or control the manner or method of the work performed by Timmons, and the Timmons plaintiffs failed to raise a triable issue of fact in opposition (*see*

*Lovall v Graves Bros., Inc.*, 63 AD3d 1528, 1530; *Uzar v Louis P. Ciminelli Constr. Co., Inc.*, 53 AD3d 1078, 1079; *cf. Capasso v Kleen All of Am., Inc.*, 43 AD3d 1346, 1347-1348).  Although there is evidence in the record that Barrett's plant superintendent oversaw the timing and sequence of the work, that his responsibilities included job safety, and that he could directly address an employee of Schneider if he observed an unsafe practice, it is well established that "monitoring and oversight of the timing and quality of the work is insufficient to raise a triable issue of fact with respect to supervision or control for the purposes of . . . Labor Law § 200" (*McCormick*, 78 AD3d at 1581).  Similarly, "a general duty to ensure compliance with safety regulations or the authority to stop work for safety reasons is insufficient to raise a triable issue of fact" under Labor Law § 200 (*id.* at 1582).

The court also properly granted that part of Barrett's motion for summary judgment declaring that Schneider had a duty to defend Barrett in the Timmons action.  We need not address that part of the motion with respect to indemnification in view of our decision that the complaint in action No. 1 was properly dismissed.  Contrary to the contention of Schneider, a purchase order containing a defend and indemnify clause issued by Barrett to Schneider prior to the accident constituted a "written contract" within the meaning of Workers' Compensation Law § 11 (*see generally Mentesana v Bernard Janowitz Constr. Corp.*, 36 AD3d 769, 771; *Kay-Bee Toys Corp. v Winston Sports Corp.*, 214 AD2d 457, 458, *lv denied* 86 NY2d 705).  The fact that the purchase order was not signed by a representative of Schneider is of no moment inasmuch as there is sufficient evidence in the record to establish as a matter of law that Schneider assented to the terms of the purchase order and intended to be bound thereby (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369, *rearg denied* 5 NY3d 746).  Specifically, the prior course of conduct between the parties, Schneider's performance of the work set forth in the purchase order, and its procurement of insurance on Barrett's behalf in accordance with the purchase order establishes that Schneider "was aware of and had assented to the terms of . . . the purchase order" (*Kay-Bee Toys Corp.*, 214 AD2d at 459; *cf. Auchampaugh v Syracuse Univ.*, 67 AD3d 1164, 1165).  There is no merit to the further contention of Schneider that the agreement is barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]).

With respect to action No. 2, we conclude that the court properly denied Colony's motion seeking a declaration that there is no coverage and, implicitly, no duty to provide a defense, under its insurance policy and granted Barrett's cross motion seeking a declaration that it is an additional insured under that policy.  The policy's additional insured endorsement provides that a third party may be added as an additional insured "when [Schneider] and the [third party] . . . have agreed in writing in a contract or agreement that such person or organization be added as an 'additional insured' on [Schneider's] policy."  Here, the purchase order, which required Schneider to add Barrett as an additional insured on its commercial

general liability policy, constitutes an agreement in writing for
purposes of the additional insured endorsement.

Entered:  April 1, 2011                      Patricia L. Morgan
                                             Clerk of the Court