# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1299**
**CA 11-00928**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

LMIII REALTY, LLC, EDWARD JOY COMPANY, AND
JOY PROCESS MECHANICAL SYSTEMS,
PLAINTIFFS-RESPONDENTS,

V                                                      MEMORANDUM AND ORDER

GEMINI INSURANCE COMPANY, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.
(APPEAL NO. 2.)

---

COUGHLIN DUFFY LLP, NEW YORK CITY (JUSTIN N. KINNEY OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SUGARMAN LAW FIRM, LLP, SYRACUSE (TIMOTHY J. PERRY OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (John C. Cherundolo, A.J.), entered February 10, 2011.
The judgment granted the motion of plaintiffs for leave to reargue
and, upon reargument, granted summary judgment to plaintiffs and
declared that defendant Gemini Insurance Company is obligated to
defend and indemnify plaintiff LMIII Realty, LLC as an additional
insured in the underlying personal injury action.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying summary judgment to
plaintiffs in part, vacating the declaration and granting judgment in
favor of plaintiffs as follows:

It is ADJUDGED and DECLARED that plaintiff LMIII
Realty, LLC is an additional insured under the policy issued
by defendant Gemini Insurance Company,

and as modified the judgment is affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking a
declaration that Gemini Insurance Company (defendant) is obligated to
defend and indemnify plaintiff LMIII Realty, LLC (LMIII) as an
additional insured in the underlying personal injury action.
Defendant made a pre-answer motion to dismiss the complaint and, in
the alternative, sought summary judgment declaring that it has no
obligation to defend or indemnify plaintiffs because they do not
qualify as additional insureds under the policy.  Plaintiffs opposed
the motion and in addition sought a declaration that plaintiffs

qualify as additional insureds under the policy.  Supreme Court denied defendant's motion.  Plaintiffs subsequently moved for leave to reargue defendant's motion and sought summary judgment declaring that they are entitled to coverage from defendant as additional insureds.  The court granted plaintiffs' motion for leave to reargue on the ground that plaintiffs established that the court had "overlooked controlling law on this issue" and, upon reargument, searched the record pursuant to CPLR 3212 (b) notwithstanding the absence of a cross motion by plaintiffs that preceded their motion for leave to reargue defendant's motion.  The court granted summary judgment to plaintiffs, i.e., relief "predicated upon a motion for the same relief" sought by defendant in its motion, by declaring that defendant is obligated to defend and indemnify LMIII as an additional insured in the underlying action.

In the underlying action, a roofer employed by defendant Shaffer Building Services, Inc. (Shaffer) seeks damages for injuries he sustained during the course of his employment.  LMIII hired Shaffer to replace a roof on its property, and Shaffer was insured under a commercial general liability policy issued by defendant.  The policy's additional insured endorsement provided that a third party may constitute an additional insured "when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

We agree with defendant that, contrary to the court's determination, the endorsement is not ambiguous on the issue whether an agreement to add an additional insured was required to be in writing.  The term "in writing" refers to the entire phrase "in a contract or agreement," not merely to the phrase "in a contract" (see *Erin Constr. & Dev. Co., Inc. v Gulf Ins. Co.*, 2008 NY Slip Op 32046[U]; see also *Timmons v Barrett Paving Materials, Inc.*, 83 AD3d 1473, 1477, *lv dismissed in part and denied in part* 17 NY3d 843).  We reject defendant's contention, however, that there was no written agreement in this case.  Indeed, the purchase order constituted a written agreement obligating Shaffer to add LMIII as an additional insured to the policy (see *Timmons*, 83 AD3d at 1477; see generally *BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 712).  The purchase order was an enforceable agreement despite the fact that it was unsigned because the evidence in the record establishes that the parties intended to be bound by it (see *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369, *rearg denied* 5 NY3d 746; *Kay-Bee Toys Corp. v Winston Sports Corp.*, 214 AD2d 457, 458, *lv denied* 86 NY2d 705).

Nevertheless, we conclude that defendant is correct that the court erred in granting summary judgment to plaintiffs on all issues and in issuing the subject declaration, i.e., that defendant is obligated to defend and indemnify LMIII as an additional insured in the underlying action.  Inasmuch as the record establishes that the parties deliberately charted a summary judgment course, the court properly granted summary judgment to plaintiffs on the issue of LMIII's general status as an additional insured under the policy (see

*Nowacki v Becker*, 71 AD3d 1496, 1497; *see generally Mihlovan v Grozavu*, 72 NY2d 506, 508). The court erred, however, in declaring at this stage of the litigation that defendant is obligated to defend and indemnify LMIII, before defendant answered the complaint (*see City of Rochester v Chiarella*, 65 NY2d 92, 101-102). We therefore modify the judgment accordingly.