# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

453

CA 14-02035

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

DAWN HARRISON, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

SAMARITAN MEDICAL CENTER, DEFENDANT-APPELLANT.

---

HARRIS BEACH PLLC, PITTSFORD (DANIEL J. MOORE OF COUNSEL), FOR DEFENDANT-APPELLANT.

ABDELLA LAW OFFICES, GLOVERSVILLE (J. DAVID BURKE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Herkimer County (Norman I. Siegel, J.), entered August 19, 2014.  The order, insofar as appealed from, denied those parts of defendant's motion seeking to dismiss plaintiff's first, second and fourth causes of action.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of defendant's motion seeking dismissal of the second and fourth causes of action, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking to recover damages for, inter alia, false arrest and false imprisonment, malicious prosecution, breach of contract, and tortious interference with contract.  According to plaintiff, she was arrested, criminally charged, incarcerated, and lost her job as a traveling nurse employed by a staffing agency after employees of defendant hospital falsely accused her of diverting prescription medications.  The criminal charges were presented to a grand jury, which returned a "no bill." Defendant made a pre-answer motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) "or, in the alternative, for summary judgment pursuant to CPLR 3212." Supreme Court denied the motion in part, and defendant appeals.

Initially, we agree with plaintiff that defendant's request for summary judgment was premature.  As a general matter, " '[a] court may not entertain a motion for summary judgment prior to joinder of issue' " (*Pitts v City of Buffalo*, 298 AD2d 1003, 1004; *see* CPLR 3212 [a]), and here it cannot be said that both parties "deliberately charted a summary judgment course" inasmuch as plaintiff contended in opposition to the motion that she was entitled to an opportunity to conduct discovery (*LMIII Realty, LLC v Gemini Ins. Co.*, 90 AD3d 1520, 1521-1522; *see Pilatich v Town of New Baltimore*, 100 AD3d 1248, 1249-

1250).

    We reject defendant's contention that the court erred in denying
that part of its motion seeking dismissal of the first cause of
action, for false arrest and false imprisonment.  "[W]hen reviewing a
motion to dismiss pursuant to CPLR 3211, we must accept as true the
facts as alleged in the complaint and submissions in opposition to the
motion, accord plaintiff[] the benefit of every favorable inference
and determine only whether the facts as alleged fit within any
cognizable legal theory" (*Williams v Beemiller, Inc.*, 100 AD3d 143,
148, *amended on rearg* 103 AD3d 1191 [internal quotation marks
omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88).  Although liability
for false arrest and false imprisonment generally will not be imposed
where a civilian complainant merely furnishes information to law
enforcement authorities rather than taking " 'an active role in the
[arrest] of the plaintiff, such as giving advice and encouragement or
importuning the authorities to act' . . . with the intent that [the]
plaintiff be confined" (*Lowmack v Eckerd Corp.*, 303 AD2d 998, 999; *see
Oszustowicz v Admiral Ins. Brokerage Corp.*, 49 AD3d 515, 516), we
conclude that the complaint and plaintiff's submissions in opposition
to defendant's motion here sufficiently allege that defendant's
employees made false statements to investigators with the intent of
having plaintiff be arrested and confined (*see D'Amico v Correctional
Med. Care, Inc.*, 120 AD3d 956, 961).

    We agree with defendant, however, that the court erred in denying
those parts of its motion seeking dismissal of plaintiff's second and
fourth causes of action, and we therefore modify the order
accordingly.  With respect to the second cause of action, alleging
malicious prosecution, plaintiff did not sufficiently allege that
defendant acted with actual malice, i.e., with " 'a wrong or improper
motive, something other than a desire to see the ends of justice
served' " (*Zetes v Stephens*, 108 AD3d 1014, 1016; *see Nardelli v
Stamberg*, 44 NY2d 500, 502-503), or "awareness of conscious falsity"
(*Santoro v Town of Smithtown*, 40 AD3d 736, 738 [internal quotation
marks omitted]).  To the extent that the fourth cause of action
alleges breach of contract, the record establishes that plaintiff did
not have a contractual relationship with defendant (*see LaBarte v
Seneca Resources Corp.*, 285 AD2d 974, 975; *see also Siskin v Cassar*,
122 AD3d 714, 717), and that she was not an intended third-party
beneficiary of her employer's contract with defendant (*see Rosenheck v
Calcam Assoc.*, 233 AD2d 553, 555; *cf. Logan-Baldwin v L.S.M. Gen.
Contrs., Inc.*, 94 AD3d 1466, 1467-1468).  To the extent that the
fourth cause of action alleges tortious interference with contract,
plaintiff did not sufficiently allege that defendant knew of her
contract with her employer and intentionally procured her employer's
breach thereof (*see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc.,
LLC*, 82 AD3d 1035, 1036; *see generally Ferraro v Finger Lakes Racing
Assn.*, 182 AD2d 1072, 1072).

Entered:  May 8, 2015                         Frances E. Cafarell
                                              Clerk of the Court