14-2847-cv
*Vlach v. Staiano*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand fifteen.

PRESENT:
>CHESTER J. STRAUB,
>BARRINGTON D. PARKER,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

WILLIAM VLACH,

>*Plaintiff-Appellant,*

>v.                                                             No. 14-2847-cv

PHILIP STAIANO, IN HIS INDIVIDUAL CAPACITY,

>*Defendant-Appellee.*


_____

FOR PLAINTIFF-APPELLANT:   RUSSELL G. WHEELER (Nathaniel K. Charny, *on the brief*), Charny & Associates, Rhinebeck, NY.

FOR DEFENDANT-APPELLEE:   FRANK BRADY, Assistant Solicitor General (Denise A. Hartman, Assistant Solicitor General, and Barbara D.

Underwood, Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 27, 2014 judgment of the District Court is **AFFIRMED**.

Plaintiff William Vlach brings claims against defendant Philip Staiano pursuant to 42 U.S.C. § 1983 for false arrest, malicious prosecution, and abuse of process, in violation of the Fourth and Fourteenth Amendments and New York law. Vlach appeals the District Court's grant of Staiano's motion for summary judgment on all claims. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

This action arises out of Vlach's arrest and prosecution for an alleged assault of a resident at the state-run facility for individuals with developmental disabilities at which Vlach worked as an aide and Staiano served as a supervisor. The criminal charges against Vlach were ultimately dismissed. Vlach principally argues that the District Court erred in granting summary judgment in Staiano's favor because a reasonable jury could find Staiano liable for the torts alleged in light of evidence suggesting that Staiano provided materially incomplete information to the New York State Police. Vlach contends that Staiano failed to inform the State Police that Staiano himself had performed a violent "take-down" of the alleged victim three days before the reported incident and was potentially the source of the injuries attributed to Vlach. Vlach also maintains that Staiano failed to disclose to the State Police that certain persons Staiano interviewed during an internal investigation were not credible and that at least one of the witnesses partially recanted his allegations.

2

To hold a private individual like Staiano liable for false arrest under § 1983 and New York law, "a plaintiff must show that the defendant took an active role in the arrest of the plaintiff, such as giving advice and encouragement or importuning the authorities to act, and that the defendant intended to confine the plaintiff." *Lowmack v. Eckerd Corp.*, 757 N.Y.S.2d 406, 408 (App. Div. 4th Dep't 2003) (alterations and internal quotation marks omitted). Liability may attach only when the defendant has "affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal to the point where the officer is not acting of his own volition." *Curley v. AMR Corp.,* 153 F.3d 5, 13-14 (2d Cir. 1998) (internal quotation marks omitted).

Upon *de novo* review, *see Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005), we conclude that the District Court properly granted summary judgment to Staiano on the false arrest claim. After Staiano reported that Vlach had committed an assault, the State Police undertook their own investigation during which, *inter alia*, the alleged victim identified Vlach as his assailant. The State Police thereafter arrested Vlach. "When police independently act to arrest a suspect on information provided by a party, that party is not liable for false imprisonment [i.e. arrest]—even if the information provided is later found to be erroneous." *King v. Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997); *see also Quigley v. City of Auburn*, 701 N.Y.S.2d 580, 582 (App. Div. 4th Dep't 1999). Thus, even if Staiano provided materially incomplete information to the State Police, the false arrest claim against him cannot stand.

The standard under which a civilian may be held liable for malicious prosecution mirrors that just discussed for false arrest. A private defendant must have taken an active role in the prosecution, "such as giving advice and encouragement or importuning the authorities to act," to be found to have initiated a criminal prosecution as required for liability to attach. *Rothstein v. Carriere*, 373 F.3d 275, 293-94 (2d Cir. 2004) (internal quotation marks omitted). Merely "reporting a crime to law enforcement and giving testimony" does not suffice. *Id.* Viewing the record in the light most favorable to Vlach, we discern no evidence from which a reasonable jury could find that Staiano initiated or took an active role

3

in Vlach's actual prosecution. When a "criminal charge is the culmination of a lengthy investigation involving various sources of evidence, the mere fact that a witness provided false information to the government"—as Vlach asserts Staiano did here—"does not warrant a conclusion that the witness initiated the prosecution where the rest of the evidence suggests otherwise." *Id.* at 294; *see also Brown v. Sears Roebuck*, 746 N.Y.S.2d 141, 146 (App. Div. 1st Dep't 2002) ("While it is a true that a defendant may be said to have initiated a criminal proceeding by providing false evidence to the police or withholding evidence that might affect the determination by the police to make an arrest, the record in this case conclusively demonstrates that the allegedly false evidence . . . did not contribute to the determination to arrest plaintiff.") (citations omitted). Accordingly, the District Court properly entered summary judgment on Vlach's malicious prosecution claim, too.

Finally, a plaintiff bringing a claim for abuse of process under New York law must show, *inter alia*, that a defendant employed "regularly issued legal process to compel performance or forbearance of some act." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). For the reasons discussed above, no reasonable jury could find that Staiano had a sufficient level of involvement in Vlach's arrest or prosecution to support this count. We conclude that summary judgment was correctly awarded on Vlach's abuse of process claim as well.

* * *

We have considered Vlach's remaining arguments and find them to be without merit. We therefore **AFFIRM** the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court