Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered October 1, 2015. The order, among other things, granted defendant’s motion for summary judgment dismissing the third amended complaint.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this litigation arising from a longstanding acrimonious relationship between neighbors, plaintiff appeals from an order that, inter alia, granted defendant’s motion for summary judgment dismissing the third amended complaint. Contrary to plaintiff’s contention, Supreme Court properly granted defendant’s motion insofar as it sought dismissal of the cause of action for malicious prosecution. The record establishes that no judicial proceedings were commenced as a result of defendant’s complaints to various agencies in July 2010 (see generally Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]). With respect to defendant’s complaint to the police in August 2011, which accused plaintiff of violating a previously-issued order of protection and which resulted in a criminal proceeding, defendant established that she merely reported the purported violations to the police and did not “play[ ] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act” (Viza v Town of Greece, 94 AD2d 965, 966 [1983], appeal dismissed 64 NY2d 776 [1985]; see Moorhouse v Standard, N.Y., 124 AD3d 1, 7 [2014]; Quigley v City of Auburn, 267 AD2d 978, 979 [1999]), and that there was probable cause to believe that plaintiff had committed criminal contempt (see Shapiro v County of Nassau, 202 AD2d 358, 358 [1994], lv denied 83 NY2d 760 [1994]; see generally Colon v City of New York, 60 NY2d 78, 82 [1983], rearg denied 61 NY2d 670 [1983]). Plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with defendant that the court properly granted *1799 that part of her motion seeking dismissal of the cause of action alleging false arrest and imprisonment inasmuch as plaintiff first alleged that cause of action in an amended complaint after expiration of the one-year statute of limitations (see CPLR 215 [3]; Coleman v Worster, 140 AD3d 1002, 1004 [2016]).
We have considered plaintiff’s remaining contentions, including those concerning the dismissal of the remaining causes of action and the denial of her cross motion for partial summary judgment, and we conclude that they are without merit.
Present — Smith, J.P., Peradotto, DeJoseph, NeMoyer and Scudder, JJ.