Keerdoja v Legacy Yards Tenant, LLC (2018 NY Slip Op 07537)





Keerdoja v Legacy Yards Tenant, LLC


2018 NY Slip Op 07537


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7555 157010/15

[*1]Michael Keerdoja, Plaintiff-Appellant,
v
Legacy Yards Tenant, LLC, et al., Defendants, Hudson Yards Construction, LLC, et al., Defendants-Respondents.


Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for appellant.
London Fischer LLP, New York (Brian P. McLaughlin of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 2, 2017, which denied plaintiff's motion for partial summary judgment as to liability on the Labor Law § 240(1) claim as against defendants Hudson Yards Construction LLC and Tutor Perini Building Corp. (collectively defendants), unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff was injured when a metal shim plate affixed to a steel column, that was being installed as part of a temporary truss system, suddenly detached and hit him in the head. Plaintiff established that the accident was proximately caused by the undisputed failure of safety devices that were supposed to afford proper protection against the elevation-related risks that plaintiff faced during the installation of the column being hoisted into place (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). The tack welds used to secure the metal shim plate to the column were "safety devices" for the purposes of Labor Law § 240(1) because they were intended to be a temporary measure to keep the shim plate attached to the column during installation (compare Carlton v City of New York, 161 AD3d 930, 933 [2d Dept 2018]; Honeyman v Curiosity Works, Inc., 154 AD3d 820 [2d Dept 2017]; Timmons v Barrett Paving Materials, Inc., 83 AD3d 1473 [4th Dept 2011], lv dismissed in part, denied in part 17 NY3d 843 [2011]). The welds were to be removed once the column was in place, at which time the plates would be permanently bolted into place. The evidence established that the accident occurred when the welds failed, inasmuch as the shim plate, which weighed between 200 and 400 pounds, was welded on only one side of the metal column (see Matthews v 400 Fifth Realty LLC, 111 AD3d 405 [1st Dept 2013]). Thus, the shim plate "fell because of the inadequacy of a safety device. . .[that was] put in place as to give proper protection for" plaintiff, entitling him to partial summary judgment (Guallpa v Leon D. DeMatteis Constr. Corp., 121 AD3d 416, 418 [1st Dept 2014] [internal quotation marks omitted]; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [2014]).
The motion court should have considered plaintiff's reply argument that the one-sided tack welds were insufficient to
safely secure the shim plate to the column because it was made in response to defendants' opposition to the motion (see Rodriguez v Weinstein Enters., Inc., 113 AD3d 483, 484 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK