Agustin Torres Gonzalez v. Steven Hahl, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

AGUSTIN TORRES GONZALEZ,

                 *Plaintiff-Appellant*,

             v.                                                    20-1415-cv

STEVEN HAHL, NEW YORK STATE POLICE INVESTIGATOR, INDIVIDUALLY AKA STEPHEN HAHL, COUNTY OF DELAWARE, CYNTHIA L. BOGDAN-CUMPSTON,

                 *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Jonathan S. Follender, Arkville, N.Y.

Appearing for Appellees:     Beezly J. Kiernan, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on*

---

[1] The Clerk of Court is directed to amend the caption as above.

*the brief*), *for* Letitia James, Attorney General for the State of New York, Albany, N.Y., *for Steven Hahl*.

Charles C. Spagnoli, The Law Firm of Frank W. Miller (Frank W. Miller, *on the brief*), East Syracuse, N.Y., *for County of Delaware and Cynthia L. Bogdan-Cumpston*.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*; Kahn, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Agustin Torres Gonzalez appeals from the March 31, 2020 judgment of the United States District Court for the Northern District of New York (Mordue, *J.*), granting an award of summary judgment to Steven Hahl on Gonzalez's claims of false arrest and malicious prosecution. Gonzalez also appeals the December 4, 2017 order (Kahn, *J.*) dismissing his claims against the County of Delaware and child protective services caseworker Cynthia L. Bogdan-Cumpston. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the grant of a motion for summary judgment *de novo*, drawing all inferences in the light most favorable to the non-moving party." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 114 (2d Cir. 1995). "We [also] review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*." *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019).

"[T]he elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (alteration and internal quotation marks omitted). As for "a claim for false arrest . . . , a plaintiff must show that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Id.* at 75 (internal quotation marks omitted). "If there was probable cause for the arrest, then a false arrest claim will fail." *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). Because the existence of probable cause defeats both causes of action, "[t]he pivotal issue in the present case is the presence, or absence, of probable cause for both the arrest and subsequent prosecution." *Id.* Liability for the state torts also gives rise to liability under 42 U.S.C. § 1983, so to the extent Gonzalez seeks to allege both, the analysis is identical. *See Boyd*, 336 F.3d at 75 (recognizing elements of the claims under Section 1983 and New York state law are "substantially the same" (internal quotation marks omitted)).

Probable cause "exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Id.* at 75-76 (internal quotation marks omitted). It "does not require absolute certainty." *Id.* at 76. Whether probable cause exists is usually a question of law properly determined by a court. *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir.

2007). Nevertheless, where there is factual dispute about the events giving rise to probable cause, the case should proceed to a jury. *See Boyd*, 336 F.3d at 77-78 (reversing in part where the timing of the plaintiff's incriminating statement was in dispute and would affect whether probable cause existed at the time of his arrest).

We need not here decide whether Gonzalez's arrest was supported by probable cause because even if it was not, we conclude that arguable probable cause supported qualified immunity and, therefore, the award of summary judgment to Hahl. Our precedent instructs that when "police officers of reasonable competence could disagree as to whether there was probable cause, there is arguable probable cause sufficient to warrant qualified immunity for the defendant officers." *Boyd*, 336 F.3d at 76 (internal quotation marks omitted). Moreover, when police officers "reasonably but mistakenly concluded that probable cause existed, the officer is nonetheless entitled to qualified immunity." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002). Here, Hahl knew that I.T. told Bogdan-Cumpston over the course of two interviews that Gonzalez had touched her crotch while they were alone at home together; and that Gonzalez told Hahl that he had probably incidentally touched I.T. in inappropriate areas a few times, although he repeatedly denied having sexual or improper intent. In these circumstances, whatever other concerns might be raised as to actual probable cause, we cannot conclude that no reasonable police officer could think probable cause supported arrest.

Nor did the district court exceed its discretion by denying Gonzalez's cross-motion to amend his complaint. The court had already addressed and dismissed his proposed theory of dissipating probable cause. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (explaining that, at summary judgment, a court may deny a cross-motion to amend as futile when the evidence in support of the plaintiff's proposed modification "creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law").

As for the claims against Bogdan-Cumpston and the County of Delaware, the district court did not err in dismissing them pursuant to Federal Rule 12(b)(6). The municipal claims fail because Gonzalez's complaint does not plausibly allege that a "policy or custom" was "the moving force behind" Gonzalez's arrest and prosecution. *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97-98 (2d Cir. 2020) (internal quotation marks omitted). The false arrest claim against Bogdan-Cumpston fails because the complaint does not plausibly allege that she "took an active role in the arrest of [Gonzalez], such as giving advice and encouragement or importuning the authorities to act, and that [she] intended to confine [Gonzalez]." *Lowmack v. Eckerd Corp.*, 757 N.Y.S.2d 406, 408 (4th Dep't 2003) (citation, brackets, and internal quotation marks omitted); *see also Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 39 (2d Cir. 1985) (explaining that false arrest claims against non-police defendant require an "unequivocal complaint or request to arrest"). The malicious prosecution claim fails for similar reasons. The complaint does not plausibly allege that Bogdan-Cumpston "play[ed] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (internal quotation marks omitted). She merely reported a possible crime to the authorities based on I.T.'s statements to her and played no role in the subsequent investigation or charging decision. This is insufficient to support a malicious prosecution claim. *See id.*

We have considered the remainder of Gonzalez's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk