Ron B. v Shirley W. (2021 NY Slip Op 04815)





Ron B. v Shirley W.


2021 NY Slip Op 04815


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


352 CA 20-01465

[*1]RON B. AND JENNIFER B., INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, C.B., PLAINTIFFS-RESPONDENTS,
v
SHIRLEY W. AND JEFFREY A.W., INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, D.W., AND D.W., INDIVIDUALLY, DEFENDANTS-APPELLANTS. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered October 29, 2020. The order, among other things, denied in part defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking summary judgment dismissing the defamation cause of action insofar as it is based on defendant D.W.'s statements to the police and the malicious prosecution cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs, individually and on behalf of their minor child, C.B., commenced this action seeking, inter alia, damages based on allegations that, among other things, then-15-year-old defendant D.W. made defamatory statements about C.B. in connection with an incident that occurred between C.B. and D.W. at a birthday party. Defendants moved for summary judgment dismissing the complaint, and they now appeal from an order that, inter alia, denied the motion with respect to the malicious prosecution cause of action, portions of the defamation cause of action, and the claim for punitive damages. We note that, although the order did not address that part of the motion seeking summary judgment dismissing the negligence cause of action, that part of the motion is deemed denied (see Kelly D. v Niagara Frontier Tr. Auth., 177 AD3d 1261, 1262 [4th Dept 2019]).
We agree with defendants that Supreme Court erred in denying the motion with respect to the defamation cause of action to the extent that it is based on D.W.'s statements to the police. In the complaint, plaintiffs failed to set forth the " 'particular words complained of,' " as required by CPLR 3016 (a) (Wegner v Town of Cheektowaga, 159 AD3d 1348, 1349 [4th Dept 2018]; see Massa Constr., Inc. v George M. Bunk, P.E., P.C., 68 AD3d 1725, 1725 [4th Dept 2009]). We therefore modify the order accordingly.
Defendants also contend that the court erred in denying the motion with respect to the defamation cause of action insofar as it is based on statements that D.W. made to mutual friends of C.B. and D.W. because those statements are protected by the qualified common interest privilege. That contention, however, is raised for the first time on appeal and thus is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We agree with defendants' further contention that the court erred in denying the motion with respect to the cause of action for malicious prosecution. Defendants established that D.W. merely furnished information to the police and did not " 'play[ ] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act' " (Fleming v Sangster, 148 AD3d 1798, 1798 [4th Dept 2017]; see Moorhouse v Standard, N.Y., 124 AD3d 1, 11 [1st Dept 2014]; Quigley v City of Auburn, 267 AD2d 978, 980 [4th Dept 1999]), and [*2]plaintiffs failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore further modify the order accordingly.
We have reviewed defendants' remaining contentions and conclude that they do not warrant further modification or reversal of the order.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court